PEOPLE *v*. KOLODZIESKI.

1. ROBBERY—GREAT WEIGHT OF EVIDENCE—ALIBI.

In a prosecution for robbery while armed with a danger-ous weapon, verdict of guilty *held*, not against the great weight of the evidence, although the defense of *alibi* was supported by the testimony of several relatives of de-fendant.

2. CRIMINAL LAW—FAILURE TO CALL WITNESSES INDORSED ON IN-FORMATION.

Failure of the prosecution to call four witnesses whose names appeared on the information, *held*, not prejudicial, where the officer in charge of the case testified that he was unable to locate two of them, the others were police officers, and no request was made by defendant's counsel that they be called, and especially in view of the nature of the charge and the defense offered.

3. ROBBERY—TRIAL—INSTRUCTIONS—FAILURE TO ALLOW JURY TO CONSIDER LESSER OFFENSE.

Although the lesser offense of robbery from the person is

[1]Criminal Law, 16 C. J. § 1588; Robbery, 34 Cyc. pp. 1808, 1809; [2]Criminal Law, 16 C. J. § 2133; [3]Id., 16 C. J. § 2452; Robbery, 34 Cyc. p. 1811.

included in the charge of robbery, where there was no evidence tending to show the commission of the lesser offense, and the evidence of the commission of the offense charged was undisputed, the defense being an *alibi*, the trial court was warranted in instructing the jury that the lesser offense should not be considered by them.

Error to recorder's court of Detroit; Stein (Christopher E.), J.    Submitted January 13, 1927.    (Docket No. 156.)    Decided April 1, 1927.

Edward Kolodzieski was convicted of robbery, and sentenced to imprisonment for not less than 10 nor more than 20 years in the State prison at Marquette. Affirmed.

*Davidow & Davidow*, for appellant.

*William W. Potter*, Attorney General, *Robert M. Toms*, Prosecuting Attorney, and *Frank B. Ferguson*, Assistant Prosecuting Attorney, for the people.

SHARPE, C. J.    Defendant was convicted on a charge of robbery, "being armed with a dangerous weapon, with intent, if resisted, to kill or maim." 3 Comp. Laws 1915, § 15206.    From the testimony it appears that two men entered a butcher shop owned by Joseph Samulowicz in the city of Detroit on the 2d of July, 1925, armed with revolvers, compelled the owner and his helper to lie upon the floor, took the money, $41.96, in the cash register therefrom, and then locked the men in the ice box.    Both the owner and his helper positively identified the defendant as one of these men. The defense was an *alibi*.

1. There was testimony to sustain the verdict. While several witnesses (relatives of defendant) testified that he was at another place when the crime was committed, we cannot say that the verdict was against the great weight of the evidence.

2. Four persons whose names appeared on the information as witnesses were not present at the trial or called as witnesses. The officer in charge of the case testified that he had been unable to locate two of them. The others were police officers in the city. Defendant's counsel made no request that they should be called, and, in view of the nature of the charge and the defense offered, it is apparent that no prejudice resulted from their failure to appear. *People* v. *Higgins*, 127 Mich. 291.

3. Error is assigned on the instruction of the court that the jury could not convict of larceny from the person. This is a lesser offense, included in the charge of robbery. *People* v. *Covelesky*, 217 Mich. 90. There was no evidence tending to show the commission of the lesser offense. The evidence is undisputed that the men who took the money were armed with a dangerous weapon, and that their threats clearly indicated an intent to kill or maim, if resisted. The defense was an *alibi*. The only question for the jury to pass upon was whether the defendant was one of the men present and participating in the commission of the crime. Under these circumstances, we think the court was warranted in instructing that the offense of larceny from the person should not be considered. *People* v. *Repke*, 103 Mich. 459; *People* v. *Beverly*, 108 Mich. 509; *People* v. *Onesto*, 203 Mich. 490. The duty to instruct as to lesser offenses in homicide cases is reviewed at length in a note in 21 A. L. R. 603.

The other errors assigned have been considered. We deem them without merit.

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.