**PEOPLE v. GIDDENS**

1. ROBBERY—TRIAL—UNARMED ROBBERY—INSTRUCTIONS TO JURY—
   INCLUDED OFFENSES.
   Refusal to instruct the jury at defendant's trial for unarmed
   robbery that the offense of attempted unarmed robbery was
   included in the charge was proper where there was no evidence
   to support a finding of attempted unarmed robbery.

2. CRIMINAL LAW—IMPROPER REMARKS OF PROSECUTOR—PRESERVING
   QUESTION.
   Defendant's allegation that certain remarks made by the pros-
   ecuting attorney during his trial deprived him of a fair trial
   will not be considered on appeal where no objection to the
   remarks was made and the remarks were not so highly inflam-
   matory as to cause a miscarriage of justice.

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J. Submitted Division 1 August 12,
1969, at Grand Rapids. (Docket No. 5,742.) De-
cided August 25, 1969. Rehearing denied October
14, 1969. Leave to appeal denied January 21, 1970.
See 383 Mich 760.

Edgar Giddens, Jr., was convicted of unarmed
robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 580.
[2] 5 Am Jur 2d, Appeal and Error § 545.

pellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defender's Office, Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. This case is submitted on the people's motion to affirm. Edgar Giddens, Jr., was convicted by a jury of the crime of robbery unarmed in violation of MCLA § 750.530 (Stat Ann 1954 Rev § 28.798), and on February 28, 1968, he was sentenced to 3-1/2 to 15 years in prison.

The case presents two questions: first, did the lower court err in failing to instruct the jury, in response to defense counsel's request, regarding the offense of attempted robbery? Second, were certain comments by the prosecuting attorney, during closing argument, so prejudicial as to deny defendant a fair and impartial trial?

A review of defendant's brief, the motion to affirm, and the transcript of the trial discloses that the court properly denied defendant's requested instruction. The court instructed the jury regarding the offenses of unarmed robbery, assault with the intent to rob and steal being unarmed, larceny from a person, and assault and battery. The failure to instruct the jury regarding attempted robbery was proper as there was no evidence to support such an instruction. *People* v. *Stevens* (1968), 9 Mich App 531.

Defendant's second allegation of error, pertaining to the prosecuting attorney's statements during closing argument, was not preserved for appeal since no objection was made. *People* v. *Hider*

(1968), 12 Mich App 526; *People* v. *Zesk* (1944), 309 Mich 129; and *People* v. *Goldberg* (1929), 248 Mich 553. Moreover, the record discloses no miscarriage of justice. The statements made were not as highly inflammatory as those found in *People* v. *Ignofo* (1946), 315 Mich 626, *People* v. *Holmes* (1940), 292 Mich 212, or *People* v. *Kelsey* (1942) 303 Mich 715, which resulted in prejudicial error requiring reversal even in the absence of objection in the lower court.

Motion to affirm is granted.