PEOPLE *v* TYRONE WILLIAMS

PEOPLE *v* MARLIN

1. CRIMINAL LAW—DEFENSES—ALIBI—NOTICE.

Evidence of an alibi defense was properly excluded by the trial court where the defendant stated that he had informed his lawyer of that defense three weeks before trial and the court was first notified of the defense on the first day of trial, because ample opportunity existed to give the notice required as a prerequisite for presentation of that defense (MCLA 768.20).

2. CRIMINAL LAW—EFFECTIVE COUNSEL—EVIDENCE.

Defendants did not evidentially support their claim their attorney's failure to file a timely notice of alibi defense deprived them of the effective assistance of counsel and did not exclude reasonable hypotheses consistent with the view that they were adequately defended where, at the hearing on a new trial motion, at which time the issue was raised, no evidence or testimony was presented on the issue of effective assistance of counsel.

3. CRIMINAL LAW—LESSER INCLUDED OFFENSES—ATTEMPT—INSTRUCTIONS TO JURY—EVIDENCE.

Refusing defendants' request to instruct the jury on the lesser offenses of attempt to commit the offenses charged was not error where there was no evidence from which the jury could reasonably infer that the completed offenses were not committed or that the defendants' actions did not go beyond the attempt stage.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 29 Am Jur 2d, Evidence §§ 157, 440.
[2] 11 Am Jur 2d, Criminal Law § 315.
[3] 53 Am Jur, Trial § 796 *et seq.*

4. CRIMINAL LAW—DEFENSES—ALIBI—EXCLUSION—PREJUDICE TO CODEFENDANT.

    Defendant was not denied a fair trial because of the court's refusal to allow his codefendant to introduce evidence of an alibi defense where the defendant testified that he was not with the codefendant on the evening the crime was committed.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 January 4, 1972, at Detroit. (Docket No. 10487.) Decided January 24, 1972.

Tyrone Williams and James Marlin, Jr., were convicted of assault with intent to rob while armed and assault to do great bodily harm less than murder. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendants on appeal.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. On August 14, 1970, a Wayne County jury convicted defendant Tyrone Williams and defendant James Marlin, Jr., on charges of assault with intent to rob while armed, a violation of MCLA 750.89; MSA 28.284, and assault to do great bodily harm less than murder, a violation of MCLA 750.84; MSA 28.279.

On this appeal defendant Williams argues that the trial judge erred in refusing to permit him to introduce evidence of an alibi defense. Williams in-

formed the judge of his wish to present an alibi defense on the first day of trial. At that time the judge questioned Williams and Williams said that "three weeks ago" he had informed his lawyer of his alibi defense. The judge determined that there had been ample opportunity to present timely notice of alibi. In such circumstances the judge justifiably refused to permit Williams to introduce witnesses in support of his alibi. MCLA 768.20; MSA 28.1043 and *People v Vaughn,* 31 Mich App 599 (1971).

The defendants contend that the failure of defense counsel to file a notice of alibi deprived them of the effective assistance of counsel.

In *People v Jelks,* 33 Mich App 425, 431 (1971), we said:

"A convicted person who attacks the adequacy of the representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes reasonable hypotheses consistent with the view that his trial lawyer represented him adequately."

A motion for a new trial was filed in this case in which the denial of effective-assistance-of-counsel issue was raised. However, at the hearing on the motion no testimony or other evidence was offered bearing on the question whether defense counsel acted diligently and, in particular, counsel's explanation or lack of explanation for failing to file a notice of alibi has not been spread on the record. Accordingly, we have nothing before us which would justify our concluding that the defendants had evidentially supported their claim and excluded reasonable hypotheses consistent with the view that they were adequately represented by counsel.

When, during the jury's deliberations, the foreman submitted a question, the judge discussed his proposed response with counsel for both parties and defense counsel did not voice any objection to the proposed response which the judge later gave to the jury's question.

The defendants further contend that the judge should have granted their request to instruct the jury on the lesser offenses of the attempt to commit the charged offenses. The contention is without merit. The record shows that the completed offenses were committed. There is no evidence in the record from which the jury could reasonably have inferred that the charged offenses were not committed and that the actions of the defendants did not go beyond the attempt stage. Accordingly, the judge properly refused to instruct the jurors that they could convict the defendants of the crimes of attempt to commit the charged offenses.

Defendant Marlin argues that he was prejudiced by the judge's refusal to permit the defendant Williams to introduce evidence of alibi. Marlin testified that he was not with Williams on the evening the crime was committed. In that context, we do not think that Marlin was deprived of a fair trial by the judge's ruling that Williams' failure to give notice of alibi deprived him of the right to produce alibi witnesses.

Affirmed.