PEOPLE *v* POLLARD

CRIMINAL LAW — DEFENDANT TESTIFYING — IMPEACHMENT — PRIOR CONVICTIONS.

The prior conviction record of a witness, including a defendant in a criminal case who takes the stand to testify in his own behalf, is, as a general rule, admissible to impeach the witness's credibility.

Appeal from Recorder's Court of Detroit, Andrew C. Wood, J. Submitted Division 1 March 8, 1972, at Detroit. (Docket No. 10946.) Decided March 22, 1972.

Eugene Pollard was convicted of leaving the scene of a fatal automobile accident. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 327.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Cornelius Pitts,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

LEVIN, P. J. The defendant, Eugene Pollard, appeals his conviction of leaving the scene of a fatal automobile accident. MCLA 257.617; MSA 9.2317.

The assignments of error concern (1) the cross-examination of the defendant—who took the stand in his own defense—concerning his prior conviction record; and (2) the prosecutor's closing arguments.

As a general proposition, the prior conviction record of a witness—including a defendant in a criminal case who takes the stand to testify in his own behalf —is admissible to impeach his credibility. In this case the defendant's trial lawyer brought out on direct examination that the defendant had previously been arrested and convicted of crime. In contrast with *People v Farrar,* 36 Mich App 294, 306 (1971), in this case the trial judge was not asked to exclude, in the exercise of discretion, reference to the defendant's conviction record.

Nor do we find, on careful examination of the closing arguments, any merit in the contention that the prosecutor appealed to passion or prejudice in his closing arguments.

Affirmed.

All concurred.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.