PEOPLE v JONES

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

    The trial judge did not err in failing to instruct the jury on lesser included offenses where the defendant had neither requested such instructions nor objected to the instructions given, and where the trial judge had not affirmatively excluded lesser included offenses from the consideration of the jury (MCLA 768.29; GCR 1963, 516.2).

2. CRIMINAL LAW—WITNESSES—EXAMINATION BY COURT—OPINION AS TO GUILT.

    The trial judge's questioning of an alibi witness was not prejudicial where such questioning did not communicate to the jury any opinion as to the defendant's guilt or innocence, and was brief, limited in scope, and material to the issues, even though some of the questions might convey the impression that the trial judge became impatient with the witness, where the defendant did not object, and where any potential harm to the defendant was cured by instructions.

3. CRIMINAL LAW—IDENTIFICATION—PRETRIAL LINEUPS—CLOTHING—IMPERMISSIBLE SUGGESTION.

    A pretrial lineup at which the defendant wore the same type of clothing as that worn by one of the perpetrators of the crime will not vitiate the lineup when no objection to the lineup procedure at trial was made and a review for a showing of clear injustice does not convince the court that an impermissible suggestion arose.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 802.
[2] 58 Am Jur, Witnesses § 4.
[3, 4] 21 Am Jur 2d, Criminal Law § 368.
[5] 53 Am Jur, Trial §§ 488, 783.
[6] 21 Am Jur 2d, Criminal Law § 538.
[7] 21 Am Jur 2d, Criminal Law § 237.
[8] 21 Am Jur 2d, Criminal Law § 315.

4. CRIMINAL LAW—IDENTIFICATION—PRETRIAL LINEUPS—CLOTHING—
IMPERMISSIBLE SUGGESTION.

Testimony by an identification witness that her identification of
the defendant was based on the defendant's face rendered
insignificant an objection that the pretrial lineup was imper-
missibly suggestive in that the clothing worn by the defendant
drew attention away from other lineup participants.

5. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—PRIOR
CONVICTIONS.

The trial court did not err in admitting into evidence for im-
peachment purposes the record of prior misdemeanor convic-
tions of a defendant testifying in his own behalf where no
objection was raised at trial, because such admission can be
error only if the trial court abuses its discretion and there can
be no abuse of that discretion where it has not been invoked by
the raising of an objection.

6. CRIMINAL LAW—SENTENCING—IMPROPER BASIS—SHOWING.

A defendant was not entitled to a remand for resentencing
because the judge at the time of sentencing allegedly consid-
ered evidence of defendant's immorality in that the judge had
information that defendant's girlfriend had given birth to
defendant's child and chided the defendant for failure to marry
the girl, where there is no showing that such information was
the basis of sentencing.

7. CRIMINAL LAW—CLOSING ARGUMENT—INACCURATE SUMMARY OF
EVIDENCE—FAIR TRIAL.

An inaccurate statement by the prosecutor in his closing argu-
ment regarding the number of eyewitnesses did not deprive
defendant of a fair trial where the error was apparently inad-
vertent, was mitigated by the prosecutor's accurate summariza-
tion of the individual witnesses' testimony elsewhere in his
closing argument, and was not objected to by defendant, where
the record reflected no injustice and the jury had been in-
formed in the remarks of the prosecution and defense counsel
that closing arguments are not evidence.

8. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE—
PRESERVING QUESTION.

A convicted defendant who claims inadequate representation by
counsel must prove his claim, where the facts are not in the
record, by moving for a new trial and making a testimonial
record in which he excludes reasonable hypotheses consistent
with adequate representation.

Appeal from Recorder's Court of Detroit, Henry Heading, J. Submitted Division 1 October 4, 1972, at Detroit. (Docket No. 11732.) Decided February 20, 1973.

Calvin Jones was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Edward R. Wilson,* Assistant Prosecuting Attorney, for the people.

*Michael Moran,* Assistant State Appellate Defender, for defendant.

Before: LESINSKI, C. J., and FITZGERALD and J. H. GILLIS, JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. He was sentenced to serve from 5 to 15 years imprisonment and appeals as of right.

Defendant contends the trial court committed reversible error in failing to instruct the jury on lesser included offenses. The defendant, who presented an alibi defense, neither requested such instructions nor objected to the instructions given. The trial judge did not instruct on lesser included offenses, but did not affirmatively exclude them from the consideration of the jury. Under these circumstances, we do not reverse. MCLA 768.29; MSA 28.1052; GCR 1963, 516.2. See *People v Wynn,* 386 Mich 627 (1972); *People v Lemmons,*

384 Mich 1 (1970). See also *People v Herbert Van Smith, Jr,* 388 Mich 457 (1972).

Defendant asserts error in the questioning by the trial judge of an alibi witness for defendant. The questioning was brief, limited in scope, and material to the issues. While some of the questions might convey the impression that the trial judge became impatient with the *witness,* it cannot be said that he communicated to the jury any opinion as to defendant's guilt or innocence. See *People v Piscunere,* 26 Mich App 52 (1970). There was no objection to the questioning. Furthermore, during the course of his instructions to the jury the trial judge stated:

"Now, we come to the credibility of the witnesses. That is for you to determine. You are the sole judges of the credibility. And if I have done anything to indicate to you how I want this case, or what I think this case is all about, and what the verdict should be, you should disregard that, because I should not have done that."

Any potential harm in the questioning by the trial judge was cured by these instructions. We find no prejudice to the defendant.

Defendant asserts error in admission of identification testimony derived from what he terms an impermissible suggestive lineup. Testimony revealed that one of the prepetrators wore a green T-shirt. The principal identification witness identified the defendant at trial, who was wearing a green T-shirt at the lineup.

Since no objection was raised to the lineup procedure at trial, the Court of Appeals will not consider defendant's claim absent a showing of clear injustice. *People v George Martin,* 31 Mich App 624, 626–627 (1971). Defendant's efforts to show clear injustice on appeal are limited to state-

ments of the principal identification witness at the preliminary examination where the witness' memory as to colors of shirts worn by other lineup participants was demonstrably vague. Yet, at trial, the same witness testified:

"*Q.* Now, when you went in to view that lineup, how many boys were in that lineup?

"*A.* Maybe it was nine or ten. I don't know how many it was. Something like that.

"*Q.* Do you remember how any of them were dressed?

"*A.* In the lineup?

"*Q.* Yes.

"*A.* No, I don't really.

"*Q.* Do you remember how Calvin Jones was dressed?

"*A.* Yes, I remember.

"*Q.* How was he dressed?

"*A.* He had on a green T-shirt, with dark trousers.

"*Q.* Now, when you looked at all those nine people, do you recall any of the other ones having a green T-shirt on?

"*A.* I think it was another one that had on one, but it wasn't as light as his.

"*Q.* What drew your attention to him in the lineup? Was it his haircut, was it his T-shirt, or was it his face?

"*A.* I actually remember him by his face.

"*Q.* By his face?

"*A.* I did. When I saw him, that was the same face I had saw come out of this lady's house."

Even assuming defendant was the only lineup participant wearing a green T-shirt, we are not convinced an impermissible suggestion arose. Several courts have concluded that wearing of the same clothing at arrest and subsequent lineup will not vitiate the lineup, even where the clothing serves to draw attention away from other lineup participants. *Hernandez v State,* 7 Md App 355; 255 A2d 449 (1969); *Presley v State,* 224 Md 550;

168 A2d 510 (1961), *cert den,* 368 US 957; 7 L Ed 2d 389; 82 S Ct 399 (1961). See also 39 ALR3d 487, § 9, p 500.

In any event, the identification witness's trial testimony renders the objection insignificant. She stated her identification was hinged on a more crucial factor, defendant's face. Thus, the case is easily distinguished from *People v Hutton,* 21 Mich App 312, 331 (1970), where the defendant's distinctive clothing was the pivotal identifying factor.

Fourth, defendant contends it was reversible error to admit into evidence his record of misdemeanor convictions for impeachment purposes. Again, no objection was raised at trial.

As stated in *People v Pollard,* 39 Mich App 291, 292 (1972):

"As a general proposition, the prior conviction record of a witness—including a defendant in a criminal case who takes the stand to testify in his own behalf—is admissible to impeach his credibility. * * * In contrast with *People v Farrar,* 36 Mich App 294, 306 (1971), in this case the trial judge was not asked to exclude, in the exercise of discretion, reference to the defendant's conviction record."

Where the trial judge's discretion has not been invoked, there can be no abuse of that discretion, and consequently no error.

Defendant urges a remand for resentencing because the judge considered evidence of defendant's "immorality" at the time of sentencing. The judge had indicated his intent to sentence defendant to a lengthy term of imprisonment on the basis of the presentence recommendation. This occurred prior to a colloquy in which defendant volunteered information that his girlfriend had just given birth

to his child. The judge chided defendant for failure to marry his girlfriend, but there is no showing that such information was the basis of sentencing.

Defendant argues the prosecutor inaccurately summarized the evidence in closing argument and deprived him of a fair trial. While the statement of the prosecutor regarding the number of eyewitnesses was inaccurate, the context in which it was made suggests the error was inadvertent. The effect was further mitigated by the prosecutor's accurate summarization of testimony of the individual witnesses elsewhere in his closing argument. Once again, the defense did not object. Absent objection, the claimed error will not be considered unless to avoid clear injustice. *People v Schram*, 23 Mich App 91 (1970); *People v Childers*, 20 Mich App 639 (1969). The record reflects no injustice. Additionally, closing arguments are not evidence, as both the prosecution and defense counsel informed the jury in their initial remarks during closing argument.

Finally, defendant contends he was denied effective assistance of counsel by his attorney's alleged failure to investigate a claim that three juveniles were in fact the perpetrators, and by his failure to subpoena additional alibi witnesses. See *People v Degraffenreid*, 19 Mich App 702 (1969). We are not convinced. *People v Jelks*, 33 Mich App 425, 431 (1971), requires a convicted defendant to prove his claim of inadequate representation. Where facts are not in the record, defendant must move for a new trial, and make a testimonial record of his claim in which he excludes reasonable hypotheses consistent with adequate representation. There is no such assertion in the record.

Affirmed.

All concurred.