PEOPLE v EATON

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI DEFENSE—REVERSI-
BLE ERROR.

It is reversible error to denigrate an alibi defense "as easily
proven and hard to disprove" when instructing a jury; and, the
Court of Appeals must reverse whenever a trial court has used
such offending language even though the alibi proofs are pat-
ently flimsy.

2. CRIMINAL LAW—ALIBI DEFENSE—BURDEN OF PROOF—REVERSIBLE
ERROR.

It is reversible error to suggest that it is the burden of the
defendant to establish an alibi defense.

Appeal from Shiawassee, Richard Robinson, J.
Submitted March 8, 1976, at Lansing. (Docket No.
22738.) Decided May 17, 1976. Leave to appeal
denied, 397 Mich 841.

Terry E. Eaton was convicted of the sale of a
controlled substance. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Gerald D. Los-
tracco,* Prosecuting Attorney, for the people.

*Arnold D. Dunchock,* for defendant.

Before: M. J. KELLY, P. J., and BRONSON and
W. R. PETERSON,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 732.
Instructions disparaging defense of alibi. 14 ALR 1426, s. 67 ALR
122, 146 ALR 1377.
[2] 75 Am Jur 2d, Trial § 734.
Burden and degree of proof as to alibi. 67 ALR 138, s. 124 ALR 471.
* Circuit judge, sitting on the Court of Appeals by assignment.

M. J. KELLY, J. On November 7, 1974, defendant was convicted by a Shiawassee County Circuit Court jury of the charged offense of sale of a controlled substance, phencyclidine, MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b). Defendant was subsequently sentenced to serve 24 months on probation with the first 60 days to be spent in the county jail, and was ordered to pay $200 in fines and $200 in costs. He appeals of right.

The prosecution was based on the testimony of an undercover police detective, William F. Williams, who testified that he purchased the phencyclidine from defendant at "Jake's Place", in Shiawassee County, on January 15, 1974. Defendant offered the defense of alibi. Defendant's mother, Mrs. Palucki, testified that at the time of the alleged sale her son was first with her at home and then accompanied her to the office of an attorney with whom she had an appointment. To rebut this alibi defense, the prosecution introduced testimony of two police detectives involved in the alleged sale and testimony of the attorney's secretary.

In the challenged instruction, the court stated:

"Now regarding the defense of alibi, this defense is as legitimate a defense as any other defense and you are to give the same credit to the witnesses who testified concerning it as you do to witnesses who testified to anything else.

"If you have a reasonable doubt as to whether the defendant was at Jake's Place at the time and place named, then you should acquit him.

"The burden of proof is upon the State to show that the Defendant was there at the time and place in question and this burden of proof does not shift to the Defendant.

"You are to scrutinize any evidence in relation to alibi, however, *since alibi as a defense is easy to prove*

*and hard to disprove.* Therefore, you should be careful and cautious in examining the evidence in regard to it." (Emphasis supplied.)

At trial, defense counsel promptly objected to the emphasized portion. The issue is whether the instruction mandates reversal under *People v Mc-Coy,* 392 Mich 231; 220 NW2d 456 (1974).

The people do not dispute defendant's claim that the challenged portion of the alibi instruction is violative of the *McCoy* holding. Rather, they contend, under both the facts of this case and the dictates of *McCoy,* the instructional error does not mandate reversal. The people say that the significant evidence against defendant vitiates any error —that the alibi was a sham. Second, and more importantly, that the *McCoy* reversal was not founded solely on instructional error but was based on:

"The combination of an erroneous alibi instruction, failure to balance the defendant-denigrating alibi instruction with an appropriate instruction on the credibility of an accomplice's testimony, plus improper closing remarks of the prosecutor." *McCoy, supra,* at 240.

We would like to agree with the people's argument. We find however that the above quotation constitutes the law of the case in *McCoy.* The law of future cases is contained in a different quote:

"For cases tried after the publication of this opinion, it will be deemed *reversible error* (1) to denigrate the alibi defense 'as easily proven and hard to disprove' *or* to suggest that it is the burden of the defendant to 'establish' the defense." *Id.* (Emphasis supplied.)

We have a very simple task to perform. We find the offending language and we reverse. But, we do

so reluctantly. There should be room for a trial judge to denigrate an alibi defense.

An examination of the record in this case indicates that the alibi proofs are patently flimsy. A denigrating instruction here makes sense. We would ordinarily hold that not only was there no manifest injustice here, but that the denigrating language amounted to a fair comment on the evidence under GCR 1963, 516.1. As we read *McCoy,* we are without such discretion. See also, *People v Burden,* 395 Mich 462; 236 NW2d 505 (1975), *People v Daniels,* 60 Mich App 458; 231 NW2d 386 (1975), *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975), *People v Davis,* 61 Mich App 220; 232 NW2d 683 (1975), *People v McMillan,* 68 Mich App 113; 242 NW2d 518 (1976), *Cf. People v Cain,* 67 Mich App 433; 241 NW2d 233 (1976).

Reversed.