PEOPLE v RICH

PEOPLE v ROBINSON

Docket Nos. 56493, 56145. Argued June 8, 1976 (Calendar Nos. 8, 9).—
Decided August 26, 1976.

The issues in these cases involve instructions to the jury which
referred to the "capacity standard" for the defense of intoxica-
tion to a charge of a crime of specific intent, and whether
*People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), should be
retroactively applied.

Robert J. Rich was convicted by a jury in Wayne Circuit Court,
Joseph G. Rashid, J., of breaking and entering with intent to
commit larceny. The Court of Appeals, Bashara, P. J., and
Danhof and Churchill, JJ., reversed per curiam (Docket No.
17237). The people appeal.

Elmer D. Robinson was convicted by a jury in Wayne Circuit
Court, Robert J. Colombo, J., of assault with intent to commit
armed robbery. The Court of Appeals, J. H. Gillis, P. J., and
D. E. Holbrook and Van Valkenburg, JJ., affirmed per curiam
(Docket No. 18065). Defendant appeals. *Held:*

The capacity standard for the defense of intoxication to a
charge of a crime of specific intent has been the governing rule
of criminal law for the last century. The trial courts of this
state had every reason to rely on the "capacity standard" rule,
which had been often repeated as proper. The question of
retroactivity is resolved by three factors: (1) the purpose of the
new rule, (2) the general reliance on the old rule, and (3) the
effect of retroactive application of the new rule on the adminis-
tration of justice. The purpose of *Crittle* was to insure more
accurate instructions on the defense of intoxication and on
specific intent. The effect of retroactive application of the new
rule on the administration of justice would be marked because
of profound reliance on the old rule. If trial courts are to be
effectively guided by appellate pronouncements of the Supreme

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 16 Am Jur 2d, Constitutional Law, §§ 150, 151.
    21 Am Jur 2d, Criminal Law § 578.
[2–4] 75 Am Jur 2d, Trial §§ 743, 744.

Court, a rational dependence on the decisions currently in effect must be encouraged. The juries were properly instructed under the law extant; their verdicts must stand.

The Court of Appeals is reversed in *Rich* and affirmed in *Robinson*.

*People v Crittle,* 390 Mich 367; 212 NW2d 196 (November 21, 1973), held not retroactive.

### Opinion of the Court

1. Criminal Law—Change of Law—Retroactive Application.

   The question of retroactive application of a change in a rule of criminal law is measured by three key factors: (1) the purpose of the new rule, (2) the general reliance on the old rule and (3) the effect of retroactive application of the new rule on the administration of justice.

2. Criminal Law—Instructions to Jury—Defenses—Intoxication —Change of Law.

   The "capacity standard" for the defense of intoxication to a charge of a crime of specific intent was the governing rule of criminal law for the last century, and the trial courts of this state had every reason to rely on the "capacity standard" rule which had been often repeated as proper until it was superseded in an opinion of the Supreme Court.

3. Criminal Law—Instructions to Jury—Defenses—Intoxication —Change of Law—Retroactivity.

   An opinion of the Supreme Court, the purpose of which was to insure more accurate jury instructions on the defense of intoxication and on specific intent by correcting misplaced emphasis in the instruction used for a century, is not given retroactive application because it could cause a marked effect on the administration of justice in view of the profound reliance on the old rule.

4. Criminal Law—Instructions to Jury—Defenses—Intoxication —Prospective Application.

   The rule that the proper instruction to a jury concerning the defense of intoxication to a charge of a crime of specific intent is that the crime cannot have been committed where the specific intent did not exist and that the jury must decide whether in the light of the defendant's intoxication he in fact had the required specific felonious intent is not to be retroactively applied to cases arising before November 21, 1973, the date of the decision which announced that rule.

5. CRIMINAL LAW—CHANGE OF LAW—APPEAL AND ERROR.

> If trial courts are to be effectively guided by appellate pronounce-
> ments of the Supreme Court, a rational dependence on the
> decisions currently in effect must be encouraged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William L. Cahalan,* Prosecuting Attorney, for the people.

*Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people in *Rich.*

*Edward Reilly Wilson,* Research, Training & Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people in *Robinson.*

*State Appellate Defender Office* (by *Norris J. Thomas, Jr.)* for defendants.

FITZGERALD, J. Defendant-appellee Rich was convicted by a jury on February 20, 1973 of breaking and entering with intent to commit larceny, contrary to MCLA 750.110; MSA 28.305. This conviction was reversed by the Court of Appeals in an unpublished per curiam opinion. Defendant-appellant Robinson was jury-convicted on July 3, 1973 of assault with intent to rob being armed, contrary to MCLA 750.89; MSA 28.284. This conviction was affirmed by the Court of Appeals in an unpublished per curiam opinion. We granted leave to appeal in each case to consider whether *People v Crittle,* 390 Mich 367; 212 NW2d 196, decided November 21, 1973, should be retroactively applied.

In *Crittle,* the defendant was charged and convicted of armed robbery. His defense was that he lacked the requisite specific intent because he was intoxicated and/or because he intended nothing

more than a prank. There were some facts which were arguably supportive of each facet of this defense. The trial court charged the jury: "You would not, however, be justified in acquitting * * * unless you find * * * that he was not conscious of what he was doing or why he was doing it * * * ". 390 Mich at 372. This instruction was held to be reversibly erroneous under the facts of *Crittle* because it charged the jury in effect that "if they found defendant only intended a drunken prank, they would be required to find the defendant guilty of robbery armed because in performing the prank he presumably knew what he was doing if not why he was doing it, * * * ". 390 Mich at 373. The Court pointed out in footnote 1 of its opinion that the erroneous *Crittle* instruction did not even correctly state the rule of *Roberts v People,* 19 Mich 401, 418 (1870). This application of the law to the specific facts of *Crittle* in part IV of that opinion is not directly applicable here.

The question of retroactive application to these cases concerns part V of the *Crittle* opinion, 390 Mich at 373–374, wherein this Court opined that "trial judges would do well to follow Justice COO-LEY's language" in *People v Walker,* 38 Mich 156, 158 (1878), in instructions on intoxication rather than the *capacity* standard of *Roberts.*

The *capacity* standard of *Roberts* was used in instructing both the *Rich* and *Robinson* juries. Neither Rich's nor Robinson's counsel objected to these instructions; neither defense counsel nor the trial judges had reason to anticipate this Court's overruling in *Crittle* of the longstanding precedent of *Roberts v People.*

When the issue of retroactivity arises, the case of *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), is often used to determine a

solution. The *Linkletter* test measures the question of retroactivity by three key factors: (a) the purpose of the new rule; (b) the general reliance on the old rule; and (c) the effect of retroactive application of the new rule on the administration of justice. The purpose of part V of the *Crittle* opinion was prospective, to insure that juries would be more accurately instructed on the law of intoxication and that of specific intent. Even the language of part V of the *Crittle* opinion—"trial judges would do well"—was precatory.

The latter two *Linkletter* factors, reliance and effect on the administration of justice, are often interdependent. Here, where there was profound reliance on the old rule, the effect of retroactive application of the new rule on the administration of justice could be marked. Instructional law with respect to the effect of voluntary intoxication upon specific intent had in this state long been governed by the rule of *Roberts v People*. As was stated by the Court of Appeals in footnote 6 of *People v Scott*, 55 Mich App 739, 746; 223 NW2d 330 (1974):

"There would appear to be a real question of whether *Crittle*, to the extent that it appears to repudiate the capacity standard, should be given retrospective application. While *Crittle* relies upon the statement made by COOLEY in *People v Walker, supra*, it is questionable that COOLEY really intended to formulate a rule different from that in *Roberts v People, supra*. Not only did COOLEY, along with CAMPBELL and GRAVES, sit on both panels, but also COOLEY in his opinion in *Walker* indicates that what he was saying therein was fully explained by Justice CHRISTANCY in *Roberts*. Whatever COOLEY may have meant by his language in *Walker*, it is the rule as stated in *Roberts* which has been treated as controlling for the last century. Thus while *Crittle* used COOLEY's language in *Walker* as the vehicle by which to formulate the presently approved instruction

on intoxication, *Crittle* marked a change in the established law with respect to what the proper instruction was. It would therefore appear that since the trial courts of this state had every reason to rely on the *Roberts* rule which had been oft repeated as proper, the change in focus evidenced by *Crittle* should be given only prospective application from the decisional date of *Crittle.*"

Although I regard the *Walker* language elevated to law by *Crittle* as preferable to the rule of *Roberts,* I concur in the above sentiments with respect to the question of *Crittle's* retroactivity. It makes no sense at all to hold trial courts to instructional standards that could not have been anticipated. In *People v Kirk,* 151 Mich 253, 258; 114 NW 1023 (1908), this Court "conceded that the rule of *Roberts v People* * * * is the law of this State." In *People v Eggleston,* 186 Mich 510, 512; 152 NW 944 (1915), it was stated that the "true rule was announced in the case of *Roberts v People*" and followed in *Walker.* In *People v Depew,* 215 Mich 317, 320; 183 NW 750 (1921), *Roberts* was said to be "a leading case upon the subject in this State". In *People v Jones,* 228 Mich 426; 200 NW 158 (1924), this Court reversed a conviction of assault with intent to murder, with instructions to charge the jury on retrial in accordance with the rule of *Roberts.* In *People v Hearn,* 354 Mich 468, 470; 93 NW2d 302 (1958), an intoxication instruction using the capacity standard was said to have "completely and properly" instructed the jury and "fully protected" the defendant. In *People v Berryhill,* 8 Mich App 497; 154 NW2d 593 (1967), then-Judge T. G. KAVANAGH cited the rule of *Roberts* as controlling. In *People v Kelley,* 21 Mich App 612, 622–623; 176 NW2d 435 (1970), then-Judge LEVIN acknowledged that the

capacity standard was a "correct statement of the law" *(Kelley, supra,* fn 15), but pointed out that reliance on it by the courts of this state had resulted in "misplaced emphasis" *(Kelley, supra,* fn 16).

The misplaced emphasis of pre-*Crittle* law was corrected in that decision by a unanimous Court. However, if trial courts are to be effectively guided by our appellate pronouncements, a rational dependence on our decisions currently in effect must be encouraged.

These juries were properly instructed under the law extant; their verdicts must stand. The Court of Appeals is reversed in *Rich* and affirmed in *Robinson.*

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, LINDEMER, and RYAN, JJ., concurred with FITZGERALD, J.