PEOPLE v CLEMONS

Opinion of the Court

1. Criminal Law—Identification—Pretrial Lineups—Clothing—
Impermissible Suggestion.

Testimony by an identification witness that her identification of
the defendant was based on the defendant's face rendered
insignificant an objection that the pretrial lineup was imper-
missibly suggestive in that the clothing worn by the defendant
drew attention away from other lineup participants.

2. Witnesses—Criminal Law—Identification—Impermissible Sug-
gestion.

Two important factors in determining whether an identification
procedure was impermissibly suggestive are: (a) the length of
time the witness is with the accused during the offense, and (b)
the time elapsing between the offense and the identification.

3. Criminal Law—Instructions to Jury—Included Offenses—
Armed Robbery—Alibi Defense—Application of Law.

A refusal of a trial court to give a requested jury instruction on
lesser included offenses of the crime of armed robbery was not
error where the defendant was asserting an alibi defense and
the trial court was properly applying the law on included
offense instructions as it was then understood.

4. Appeal and Error—Record—Motions—New Trial—Evidentiary
Hearings.

The Court of Appeals has no basis for review where a defendant

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 368.
  29 Am Jur 2d, Evidence § 371 *et seq.*
[2] 21 Am Jur 2d, Criminal Law §§ 334, 341.
[3, 6–8] 21 Am Jur 2d, Criminal Law §§ 185, 494.
  Instructions as to conviction of lesser offense, against which statute
    of limitations has run, where statute has not run against offense
    with which defendant is charged. 47 ALR2d 890.
[4] 58 Am Jur 2d, New Trial § 6.
[5] 75 Am Jur 2d, Trial §§ 733, 734.
[9] 16 Am Jur 2d, Constitutional Law §§ 58, 70, 75.

claims on appeal the ineffective assistance of counsel but had failed to move for a new trial or for an evidentiary hearing on that issue at the trial court level.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—ALIBI—BURDEN OF PROOF —BALANCED INSTRUCTIONS—IDENTIFICATION.

An instruction to the jury that an alibi defense is relatively "easy to advance and hard to refute or disprove" was not an erroneous instruction where the instruction specifically negated the impression that it was the defendant's burden to prove the alibi and the instruction was balanced by a cautionary instruction on identification testimony introduced by the prosecution.

PARTIAL CONCURRENCE BY D. C. RILEY, J.

6. ROBBERY—ARMED ROBBERY—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—RECORD—SPECIFIC INSTRUCTIONS.

*The failure of the trial court to give a requested instruction on lesser included offenses does not require a reversal of a conviction of armed robbery where the record reveals that the defendant merely requested an instruction on lesser included offenses without specifying the particular lesser-offense instruction he desired.*

7. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—INCLUDED OFFENSES—EVIDENCE—RETROACTIVITY—ALIBI.

*Case precedent requiring a trial court to give a specifically requested jury instruction on a lesser included offense where the evidence adduced at trial would support a guilty verdict of the lesser charge is retroactively applicable even where the defendant asserts an alibi defense.*

8. STATUTES—INCLUDED OFFENSES—DEGREES OF CRIME—INSTRUCTIONS TO JURY.

*The statute allowing conviction for lesser included offenses must be construed as extending to all cases in which the statute has substantially, or in effect, recognized and provided for the punishment of offenses of different grades or degrees of enormity, wherever the charge for the higher grade includes a charge for the lesser (MCLA 768.32; MSA 28.1055).*

9. CONSTITUTIONAL LAW—SUPREME COURT—CLEAR STATEMENT.

*The Supreme Court has a duty of clear statement (Const 1963, art 6, § 6).*

Appeal from Recorder's Court of Detroit, Justin

C. Ravitz, J. Submitted January 4, 1977, at Detroit. (Docket No. 26508.) Decided March 29, 1977.

Albert Clemons was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*M. Jon Posner,* for defendant on appeal.

Before: Allen, P. J., and D. E. Holbrook and D. C. Riley, JJ.

Allen, P. J. Claiming four instances of error at the trial court level, defendant appeals of right from an April 16, 1975 conviction by jury of robbery armed, MCLA 750.529; MSA 28.797. On April 30, 1975, he was sentenced to imprisonment for a period of 6 to 12 years.

I

*Was the lineup impermissibly suggestive?*
Defendant claims that it was since he was the only one in the lineup wearing a suit and the suit was a distinctive white plaid which he allegedly wore when the robbery took place in the identifying witness's apartment. A like argument was made and rejected in *People v Jones,* 44 Mich App 633, 637–638; 205 NW2d 611 (1973).

"Several courts have concluded that wearing of the

same clothing at arrest and subsequent lineup will not vitiate the lineup, even where the clothing serves to draw attention away from other lineup participants. *Hernandez v State,* 7 Md App 355; 255 A2d 449 (1969), *Presley v State,* 224 Md 550; 168 A2d 510 (1961), *cert den,* 368 US 957; 7 L Ed 2d 389; 82 S Ct 399 (1961). See also 39 ALR3d 487 § 9, p 500.

"In any event, the identification witness's trial testimony renders the objection insignificant. She stated her identification was hinged on a more crucial factor, defendant's face. Thus, the case is easily distinguished from *People v Hutton,* 21 Mich App 312, 331 (1970), where the defendant's distinctive clothing was the pivotal identifying factor."

As in *Jones,* the complainant in the case before us testified that it was defendant's face, not his clothes, that made identification. When faced with the question of whether an identification is impermissibly suggestive, two factors are particularly important: (a) the length of time the witness is with the accused during the offense, and (b) the time elapsing between the offense and the identification. *People v Solomon,* 391 Mich 767; 214 NW2d 60 (1974), adopting then Chief Judge T. J. LESINSKI's dissent in *People v Solomon,* 47 Mich App 208, 216; 209 NW2d 257, 260 (1973). The robbery of complainant's apartment lasted more than two hours during which time the complainant was not blindfolded. Nothing in the transcript supports counsel's argument that while tied and bound in the apartment the complainant could see little but his assailant's feet.[1] The lineup and identification occurred on the day following the crime. Based on these circumstances we hold that

---

[1] "*Q.* Now, during a good part of the time these men were in your apartment and they were not in your view; isn't that true?

"*A.* They was keeping a pretty good check on me.

"*Q.* But you didn't see them all the time?

"*A.* Yes. They was steady walking over me."

the lineup procedure was not impermissibly suggestive.

## II

*Did the trial court err in refusing to instruct on lesser included offenses, as requested by the defendant?*

At the conclusion of proofs, defense counsel informed the court that he would request jury instructions on lesser included offenses but did not spell out which particular lesser included offenses would be requested. Whereupon the trial court responded that since alibi was the defense, the court felt that the charge should be "robbery armed or nothing". Relying on *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), defendant argues that this is error mandating reversal and a new trial.

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater." *Ora Jones, supra,* at 390.

"Unarmed robbery is a lesser included offense of armed robbery. It is armed robbery *absent* the element of use of a weapon. If there is evidence to allow the case to go to the jury on the higher armed robbery offense, there must necessarily be evidence adduced at trial to support a charge of unarmed robbery." *Chamblis, supra,* at 424.

In response, the people assert that *Jones* and *Chamblis* stated new rules which are not retroactive and do not apply to the instant case.[2] Prior to *Jones* and *Chamblis* it had been well established

[2] *Jones* and *Chamblis* were each decided December 18, 1975. Trial in the instant case was in April 1975.

that failure to give a requested lesser included charge is not error where the lesser offense is not supported by the evidence. *People v Giddens,* 18 Mich App 588, 589; 171 NW2d 596 (1969), *lv den,* 383 Mich 760 (1970), *People v Tyrone Williams,* 38 Mich App 146, 149; 195 NW2d 771 (1972). As was stated in the majority opinion in *People v Netzel,* 295 Mich 353, 359–360; 294 NW 708 (1940), *cert den,* 313 US 592; 61 S Ct 1116; 85 L Ed 1546 (1941).

" 'To instruct the jury in a criminal case that the defendant cannot properly be convicted of a crime less than that charged, or to refuse to instruct them in respect to the lesser offences that might, under some circumstances, be included in the one so charged—there being no evidence whatever upon which any verdict could be properly returned except one of guilty or one of not guilty of the particular offence charged—is not error; for the instructing or refusing to instruct, under the circumstances named, rests upon legal principles or presumptions which it is the province of the court to declare for the guidance of the jury.' *Sparf & Hansen v United States,* 156 US 51, 103 (15 Sup Ct 273)."

Admittedly, the law governing requested instructions on lesser included offenses, where the testimony clearly establishes that a different offense occurred or is devoid of any testimony supporting the lesser offenses, is confused. Compare *People v Lovett,* 396 Mich 101, 102; 238 NW2d 44 (1976), with the concurring opinion of Judge BASHARA in *People v Harrison,* 71 Mich App 226, 228; 247 NW2d 360 (1976). Furthermore, *People v Lovett, supra,* also an armed robbery case, strongly suggests that the statement quoted earlier from page 390 of *Ora Jones* applies retroactively. See also a trinity of cases which follow the *Lovett* approach. *People v Jackson,* 70 Mich App 478; 245 NW2d

797 (1976), *People v Harrison, supra,* and *People v Charles Jackson,* 71 Mich App 395; 249 NW2d 132 (1976). But the Supreme Court in *Lovett* did not address the retroactivity question since it failed to mention that the trial occurred before the decision in *Ora Jones* or *Chamblis.* Indeed, *Lovett,* a case involving a requested charge on attempt to commit, so clearly represented a retroactive situation, that the failure of the Supreme Court to mention retroactivity suggests to us the Court may have based its decision on the statute on attempts, MCLA 768.32; MSA 28.1055.

Be this as it may, we are constrained to observe that neither *Ora Jones, Chamblis* nor *Lovett* involved situations where alibi was the defense. Thus, they are not necessarily controlling, even if retroactive, in an alibi situation. We further note that at the time of trial in the present case the trial court properly applied the law as it was then understood. Given these facts and the further fact that it is still unsettled whether *Ora Jones* applies retroactively, we conclude that in the case before us it was not error for the court to refuse the lesser included charges.

### III

*Was defendant denied effective assistance of counsel?*

Counsel's ingenuity and tenacity in pursuing the lesser included offense instructions suggests the answer to this question is "no". Nevertheless, defendant now argues that counsel's failure to move to suppress the lineup identification or to move to suppress a statement given to the police denied defendant effective representation. Defendant has not moved for a new trial or an evidentiary hearing on the issue raised. Thus, we have

no record upon which review may be based. *People
v McKenzie,* 67 Mich App 356, 362; 241 NW2d 205
(1976), *People v Taft,* 70 Mich App 634; 247 NW2d
319 (1976).

## IV

*Did the trial court err, reversibly, in its instruc-
tion that an alibi is "relatively easy to advance
and hard to refute or disprove"?*

Citing *People v McCoy,* 392 Mich 231, 240; 220
NW2d 456 (1974), and this Court's recent interpre-
tation thereof in *People v Eaton,* 68 Mich App 740;
243 NW2d 723 (1976), defendant vigorously argues
that the trial court's instruction on alibi[3] is revers-
ible error. Prior to giving this instruction the court
gave copies thereof to counsel. Defense counsel
objected to that portion thereof which is under-
scored below and called to the trial judge's atten-
tion *People v McCoy.* The trial judge responded
that he, too, had reviewed *McCoy* and had con-
cluded that if he added a cautionary instruction
with respect to identification of the defendant, the

---

[3] "The Prosecution, members of the jury, has the burden of proof
beyond a reasonable doubt that the Defendant committed the crime
charged and that he and *[sic]* therefore was present at the time and
place of the offense alleged.

"By raising an alibi defense the Defense does not acquire the
burden of proof. The burden of proof stays with the Prosecution and
never shifts to the Defense.

"If the alibi defense raises a reasonable doubt in your mind as to
the Defendant's presence at the scene of the alleged crime, or his
participation therein, you should return a verdict of not guilty.

"In other words, the Prosecution has to overcome or disprove the
alibi defense and they must do so beyond a reasonable doubt.

*"At the same time, members of the jury, you should examine any
alibi testimony carefully. Because an alibi is relatively easy to ad-
vance and hard to refute or disprove.*

"I should add that in offering the defense of alibi, a Defendant in no
way concedes the commission of a crime. As I've told you before, the
Prosecution has the burden of proof as to all the elements of the
offense charged." (Emphasis supplied.)

*McCoy* error would be corrected.[4] Defense counsel persisted in his objection and the trial judge proceeded to give the alibi instruction as he had proposed plus a cautionary instruction on identification. Significantly, the trial court's interpretation of *McCoy* is virtually identical with the people's interpretation thereof in *People v Eaton,* 68 Mich App 740, 742; 243 NW2d 723 (1976), and in the appeal now before us. In *Eaton,* the people's position was rejected albeit reluctantly.[5] Because reversal was ordered in *Eaton,* defendant concludes reversal should be ordered here. For the reasons stated below, we disagree.

The instruction in the instant case differs from the offending instruction in McCoy in three significant respects. First, the language was meaningfully different. Rather than employing the words "is easily proven" the court used the words "easy to advance".[6] The difference between "prove[n]" and "advance" is more than a semantical device for the purpose of avoiding the *McCoy-Eaton* result. The word "prove" tends to confuse by implying the burden of proof shifts to the defendant. Second, the charge omitted the sentence "if it is

----

[4] *"The Court:*

\* \* \*

"And the Court in that [McCoy] opinion, indicated that they felt the Court was giving rather selective cautionary instruction.

"In other words, the Court did not give an accomplice instruction which would have been a cautionary instruction that might have been beneficial to the Defendant. And the Court noted a lack of balance in the giving of cautionary instructions.

"My own view, after reading the McCoy decision, was, I certainly don't pause nor hesitate to give a cautionary instruction with respect to the question of identification."

[5] "We have a very simple task to perform. We find the offending language and we reverse. *But, we do so reluctantly. There should be room for a trial judge to denigrate an alibi defense." People v Eaton,* 68 Mich App 740, 742–743; 243 NW2d 723 (1976). (Emphasis supplied.)

[6] We also note that the objectional language in *People v Eaton, supra,* was "easy to prove" rather than "easy to advance".

established * * * that the defendant was not in a position so he could have committed the crime". *McCoy* found this sentence objectionable because it strongly implied that it was defendant's burden to prove the alibi. Third, the trial judge included a cautionary instruction requested by defendant on identification. In *McCoy,* the cautionary instruction was omitted, thereby resulting in what the Supreme Court found to constitute an unbalanced instruction. In summary, we find that the instruction in *McCoy* was or might be construed to be unbalanced in the sense of shifting the burden of proof to the defendant whereas the instruction given in the instant case specifically negated that impression.

In our judgment the thoughtfully sculptured instruction given by the trial court was balanced. Defendant received a fair trial.

Affirmed.

D. E. HOLBROOK, J., concurred.

D. C. RILEY, J. *(concurring).* I agree with the majority's treatment of all issues save their analysis of *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), and the question whether *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), should be applied retroactively. In any event, a reversal is not required since the record suggests that defendant made no more than "a mere request for an instruction on lesser included offenses" without specifying the particular lesser-offense instruction he desired. *People v Herbert Smith,* 396 Mich 362, 364; 240 NW2d 245 (1976).

Assuming, however, that defendant would have requested instructions on specific, necessarily included, lesser offenses of armed robbery had not the lower court refused to instruct on any lesser

offenses, I believe *People v Lovett, supra,* would mandate a reversal. In *Lovett,* without acknowledging that it was applying *Ora Jones, supra,* retroactively, the Supreme Court did just that, *People v Harrison,* 71 Mich App 226, 228; 247 NW2d 360 (1976), and reversed a conviction because the trial judge refused defense counsel's request to charge the jury on attempted armed robbery.

In the present case, the majority is appalled, as am I, by the practical effect of *Lovett,* that is, the reversal of a conviction based on the trial court's refusal to instruct on specifically requested lesser offenses, even though applicable precedent, *People v Kolodzieski,* 237 Mich 654; 212 NW 958 (1927), would permit the refusal. Despite my reluctance to apply *Lovett* to the instant case, I cannot accept the majority's rationale for distinguishing it:

"[T]he Supreme Court in *Lovett* did not address the retroactivity question since it failed to mention that the trial occurred before the decision in *Ora Jones* or *Chamblis.* Indeed, *Lovett* * * * *so clearly represented a retroactive situation, that the failure to mention retroactivity suggests to us the Court may have based its decision on the statute on attempts.*"

To cast aside MCLA 768.32; MSA 28.1055 by labeling it as the "statute on attempts" is to ignore all but its final clause and to disregard precedents which accord it a wider scope:

"[T]he statute allowing conviction for lesser included offenses (now MCLA 768.32; MSA 28.1055) 'must * * * be construed as extending to all cases in which the statute has substantially, or in effect, recognized and provided for the punishment of offenses of different grades or degrees of enormity, wherever the charge for the higher grade includes a charge for the less'." *People*

*v Chamblis,* 395 Mich 408, 415–416; 236 NW2d 473
(1975), quoting *Hanna v People,* 19 Mich 316, 322
(1869).

In *Chamblis,* a companion case to *Ora Jones,*
supra, the Court, holding it reversibly erroneous to
refuse a requested charge on lesser included of-
fenses which are supported by the evidence,
adopted the following test:

"In determining whether the instruction should be
given, the trial court should consider whether, if the
defendant had been originally charged only on the
lesser offense, the evidence adduced at trial would have
supported a guilty verdict on that charge. If it would
have, *the requested instruction must be given."* 395
Mich at 423. (Emphasis added.)

Despite the clear mandate of *Chamblis* and its
ready application to the facts at bar, the majority
declines to adopt it by suggesting that *Ora Jones,
Chamblis* and *Lovett, supra,* "are not necessarily
controlling, even if retroactive, in an alibi situa-
tion". I submit, however, that the alibi makes not
a whit of difference. Since the evidence adduced
below would have supported the lesser charge of
unarmed robbery, of larceny, or of any other nec-
essarily included, lesser offense, the trial judge was
obliged to so charge upon proper request.

The instant case, moreover, plainly differs from
*People v Netzel,* 295 Mich 353; 294 NW 708 (1940),
upon which the majority relies. In *Netzel,* the
Court justified an all-or-nothing verdict *(i.e.,* either
guilty of assault with a deadly weapon or not
guilty) because the defendant freely admitted pos-
session of firearms:

"Under the * * * testimony given by defendant, if he
committed any assault in violation of law, he commit-

ted it while armed with a dangerous weapon." 295 Mich
at 359.

This is to be distinguished from a situation
where, as in the case at bar, the evidence conflicts,
for then it is "clearly a question of fact for the
jury * * * as to which of the * * * [possible]
offenses, if any, was established beyond a reasona-
ble doubt". *Id,* at 358.

The Supreme Court expressed a similar senti-
ment in *Chamblis, supra:*

" '*The requirement of instructions on lesser included
offenses is based on the elementary principle that the
court should instruct the jury on every material ques-
tion. * * ** The state has no interest in a defendant
obtaining an acquittal where he is innocent of the
primary offense charged but guilty of a necessarily
included offense. Nor has the state any legitimate inter-
est in obtaining a conviction of the offense charged
where the jury entertains a reasonable doubt of guilt of
the charged offense but returns a verdict of guilty of
that offense solely because the jury is unwilling to
acquit where it is satisfied that the defendant has been
guilty of wrongful conduct constituting a necessarily
included offense. Likewise, a defendant has no legiti-
mate interest in compelling the jury to adopt an all or
nothing approach to the issue of guilt. *Our courts are
not gambling halls but forums for the discovery of
truth.*' " 395 Mich at 417, quoting *People v St Martin,* 1
Cal 3d 524, 533; 83 Cal Rptr 166, 170; 463 P2d 390, 394
(1970). (Emphasis added.)

While I believe that *Lovett, supra,* compels ret-
roactive application of *Ora Jones, supra,* and logi-
cally, of *Chamblis, supra,* as well, I do not by my
grudging application of those cases condone a prac-
tice whereby new rules are forged by indirection.
Certainty and uniformity, two basic goals of our
legal system, are not advanced by de facto retroac-
tivity. Ours is a de jure system, and the Supreme

Court has a duty of clear statement. Const 1963, art 6, § 6 ("Decisions of the supreme court * * * shall be in writing and shall contain a concise statement of the * * * reasons for each decision".)

Obviously, when it so chooses, the Supreme Court can produce a well reasoned discourse on retroactivity. See, *e.g., People v Rich,* 397 Mich 399; 245 NW2d 24 (1976). If, under *Rich,* "the general reliance on the old rule * * * [and] the effect of retroactive application of the new rule on the administration of justice" are "key factors", 397 Mich at 403, then it is incumbent upon the Court to acknowledge and address the myriad problems engendered by *Ora Jones* and its progeny.[1]

---

[1] The Supreme Court's most recent, yet meager, effort in *People v Lank Thomas,* 399 Mich 826; 249 NW2d 867 (1977), reversing in part *People v Thomas,* 68 Mich App 302; 242 NW2d 564 (1976), satisfies neither the spirit of Const 1963, art 6, § 6, nor the Court's general obligation to explain and reconcile the law for bench, bar and populace.