PEOPLE v ENGLE

Opinion of the Court

1. Homicide—Murder—Defenses—Intoxication—Instructions to Jury—Intent—Capacity Standard—Case Precedent—Retroactivity.

An instruction to a jury on the defense of intoxication to a charge of murder, which focused on the defendant's capacity to form the requisite intent, was proper in a trial held prior to a Supreme Court decision denouncing such a standard and requiring an instruction that the defendant had in fact the requisite intent where that decision has been held not retroactive.

2. Criminal Law—Elements of Crime—Intent—Proof of Intent—Inferences.

Intent, when it is a necessary element in a crime, is properly provable or inferable from the facts of the case.

Dissent by R. B. Burns, P. J.

3. Homicide—Murder—Elements of Crime—Specific Intent—Capacity to Form Intent—Instructions to Jury.

*Murder is a crime which requires a specific intent, and an instruction to the jury which refers to a defendant's capacity to form that intent rather than to whether he in fact had such intent is reversibly erroneous.*

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 April 8, 1975, at Detroit. (Docket No. 18951.) Decided June 9, 1975.

References for Points in Headnotes
[1] 40 Am Jur 2d, Homicide § 517.
[2] 21 Am Jur 2d, Criminal Law §§ 81, 82.
[3] 40 Am Jur 2d, Homicide §§ 10, 509.

Tilden N. Engle was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Durant, Talbot, Grant & McQuarrie,* for defendant on appeal.

Before: R. B. BURNS, P. J. and M. J. KELLY and O'HARA,* JJ.

M. J. KELLY, J. Defendant was convicted by a jury of first-degree murder. MCLA 750.316; MSA 28.548. He appeals of right claiming that the trial court erred in its instructions to the jury concerning intoxication.

The facts of this case are clear and indisputable. One witness testified that defendant told him at lunch that "he was going to kill a guy". Defendant had lost his job at Chrysler and blamed the deceased. He walked into the office of another witness and inquired as to the whereabouts of the deceased. He located the deceased and confronted him. Two other eyewitnesses testified that while defendant and the victim were talking, defendant shot the victim who, though wounded, attempted to run away, whereupon defendant shot him several more times. The defense was that defendant was so under the influence of librium, beer and whiskey that he could not have formed the specific intent to commit the crime of first degree murder.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The trial judge instructed:

"if you further believe from the evidence that at the time he inflicted the fatal injury he was deeply intoxicated, he was so deeply intoxicated as to be incapable of forming in his mind a design deliberately and premeditatedly to do the killing, or if you entertain a reasonable doubt as to these things, then such a killing would be, at most, murder in the second degree or manslaughter.

"What this instruction is telling you is this: if a man becomes voluntarily drunk, he cannot claim that as a defense to a crime unless he has become intoxicated to such a degree that he cannot form an intent if the crime for which he is charged is a crime which requires an intent, a specific intent, and the crime of murder in the first degree requires the intent to kill—the premeditation—and, therefore, if a person was, in fact, so intoxicated that it was impossible for him to have any intention or any plan to kill somebody, while he might be guilty of murder in the second degree or guilty of manslaughter, he could not be guilty of murder in the first degree for lack of premeditation."

Defense counsel made no objection to that charge and we are persuaded that it was a correct statement of the law before the decision in *People v Crittle,* 390 Mich 367, 374; 212 NW2d 196, 199 (1973).

The crime took place on December 7, 1972; the trial in July of 1973. *People v Crittle, supra,* was decided November 21, 1973. We have recently decided in *People v Parsons,* 59 Mich App 79; 228 NW2d 852 (1975), that to give retroactive effect to *Crittle* would adversely affect the administration of justice in this state. Furthermore, it has always been our impression, pre-*Crittle* or post-*Crittle* or under Justice COOLEY's holding in *People v Walker,* 38 Mich 156, 158 (1878): "that when a certain intent is a necessary element in a crime",

that intent is properly provable or inferable from the facts of the case. We see nothing wrong in the trial court's instruction.

We therefore hold that the charge correctly reflected the prevailing view at the time it was given and that no reversible error resulted from the instructions.

Affirmed.

O'HARA, J., concurred.

R. B. BURNS, P. J. *(dissenting)*. Defendant was convicted by a jury of first-degree murder. MCLA 750.316; MSA 28.548.

The defendant claims the trial court erred in its instructions to the jury concerning the impact of intoxication.

In *People v Lynch,* 47 Mich App 8; 208 NW2d 656 (1973), this Court held that murder is a crime which requires a specific intent.

The Supreme Court in *People v Crittle,* 390 Mich 367, 374; 212 NW2d 196, 199 (1973), stated:

"These various rules all have one thing in common. They refer to a *capacity* standard. Their test is not Justice COOLEY's—'[T]he crime cannot have been committed when the intent *did not exist.'* Their test is rather 'the crime cannot have been committed when the intent *could not exist'.* It is obviously a different standard and not to be followed."

In the present case the trial court used the capacity standard, to wit: "at the time of the alleged offense was *capable* of forming a willful * * * ; he was so deeply intoxicated as to be *incapable* * * * ; that he *cannot* form an intent * * * ; that it was *impossible* for him * * * ."

I would reverse and remand for a new trial.