PEOPLE v RINGLER

OPINION OF THE COURT

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—BREAKING AND ENTERING
   —AIDING AND ABETTING.

   Instructing the jury on aiding and abetting a breaking and
   entering was proper although the defendant was charged only
   with breaking and entering and not with aiding and abetting in
   that offense.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENSES—INTOXICATION
   —PRECEDENT.

   An instruction to the jury contrary to Supreme Court case
   precedent on the defense of intoxication is not erroneous where
   the defendant was tried before the decision in the precedent
   case and the precedent case is not retroactively applicable.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—REPETITION—DEFENSES—
   INTOXICATION—BREAKING AND ENTERING—AIDING AND ABET-
   TING.

   A trial court is not required to repeat an instruction on the
   defense of intoxication when instructing the jury on an added
   offense of aiding and abetting where the court had previously
   instructed the jury on the defense of intoxication to the princi-
   pal charge of breaking and entering.

DISSENT BY DANHOF, J.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—DEFENSES—INTOXICATION
   —LATER CASE PRECEDENT—APPEAL AND ERROR.

   *A court's instruction on the defense of intoxication was reversibly
   erroneous where the instruction was contrary to Supreme
   Court precedent and the defendant's conviction was not yet
   final as of the decisional date of the precedent case; the defend-
   ant is entitled to the benefit of the precedent.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 13 Am Jur 2d, Burglary § 69.
[2, 4] 75 Am Jur 2d, Trial §§ 743, 744.

Appeal from St. Joseph, Chester J. Byrns, J. Submitted December 4, 1975, at Grand Rapids. (Docket No. 15592.) Decided December 10, 1975. Leave to appeal applied for.

Donald L. Ringler was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appealed. The people's motion to affirm granted. Defendant appealed to the Supreme Court. Remanded to the Court of Appeals for full consideration of the appeal, 394 Mich 775 (1975). On remand, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Noecker,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Lee W. Atkinson,* Special Assistant Attorney General, of counsel), for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: Danhof, P. J., and Quinn and D. E. Holbrook, Jr., JJ.

Quinn, J. Defendant appeals his jury conviction and subsequent sentence for breaking and entering an occupied dwelling with intent to commit larceny, MCLA 750.110; MSA 28.305. Originally, another panel of this Court disposed of the appeal by granting the people's motion to affirm. By order dated May 21, 1975, the Supreme Court remanded to this Court and stated, "for full consideration of the appeal, including, at a minimum, discussion of Issues I and II of defendant-appellant's application in this Court". (See 394 Mich 775.)

We have again reviewed the record and have again considered defendant's asserted errors. Ex-

cept for the mandate of the foregoing order from the Supreme Court, we would again affirm without further comment. There is no reversible error in this record and the case presents nothing of jurisprudential value.

1. Defendant's claim of error on the aiding and abetting instruction is controlled by *People v Lamson,* 44 Mich App 447; 205 NW2d 189 (1973).

2. While we have serious doubts that the intoxication instruction offends *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973), when considered with the entire instruction, *Crittle* is not applicable. Defendant was tried in 1972, see *People v Engle,* 61 Mich App 628; 233 NW2d 116 (1975).

3. Repetition of the intoxication instruction was not necessary nor was it reversible error not to repeat it, *People v Scott,* 55 Mich App 739; 223 NW2d 330 (1974).

We hope the foregoing three issues cover issues I and II that defendant presented to the Supreme Court, because remaining issues IV and V present no error and nothing to comment on.

Affirmed.

D. E. Holbrook, Jr., J., concurred.

Before: Danhof, P. J. *(dissenting).* This case was remanded to this Court by the Supreme Court for consideration of issue II, which involves the trial court's instruction to the jury on the intoxication defense. A review of the record and the evidence presented therein indicates the intoxication defense was properly before the trial court. However, the trial court committed reversible error by instructing the jury on the capacity standard in violation of *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973). As the defendant's conviction

was not yet final as of the decisional date in *Crittle,* the defendant is entitled to the benefit of *Crittle. People v Chambers #2,* 64 Mich App 386; 236 NW2d 703 (1975). Therefore, I would reverse and remand for a new trial.