PEOPLE v THOMAS

HOMICIDE—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—IN-
VOLUNTARY MANSLAUGHTER—CASE PRECEDENT.
  The Supreme Court decision that a jury instruction on involun-
  tary manslaughter must be given in a murder case under the
  theory of cognate lesser offenses is prospective in its effect and
  therefore not applicable to cases tried prior thereto when the
  rule was that such an instruction was not required.

Appeal from St. Joseph, Robert E. A. Boyle, J.
Submitted March 2, 1976, at Grand Rapids.
(Docket Nos. 22988, 22989.) Decided March 25,
1976. Leave to appeal applied for.

Lank Thomas was convicted of first-degree mur-
der and of assault with intent to commit murder.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *James Noecker,*
Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate De-
fender, for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK and
ALLEN, JJ.

PER CURIAM. Defendant appeals as of right from
his November 8, 1974 jury convictions of first-de-
gree murder of Miss Annie Washington, MCLA
750.316; MSA 28.548, and assault with intent to

REFERENCE FOR POINTS IN HEADNOTE
20 Am Jur 2d, Courts §§ 233, 236.

commit murder of James Benson, father of Miss Annie Washington, MCLA 750.83; MSA 28.278. Both of the victims were shot by defendant using a shotgun. The defendant claims he did not pull the trigger of the gun that killed Miss Washington, but that he loaded it and when he shut the magazine the gun went off. He testified that he then wheeled and pumped the gun and pulled the trigger. This second shot seriously wounded Mr. Benson. Previous to the incident Mr. Benson had told defendant that his daughter did not want to talk to him, and that he, Mr. Benson, did not want him in the house. Defendant testified that prior to entering the house he went to the back of his car and got his shotgun and three shells. The shooting took place in the kitchen of Mr. Benson's home. Mrs. Butler who lived upstairs in the Benson home said she saw the defendant just prior to the shooting come to the residence and enter the house with a shotgun in his hands. She had also heard defendant two days prior to the incident say that he intended to "kick open the door and blow them all away". Mrs. Butler's husband, Mr. Butler, also testified he heard defendant make those threats two days prior to the shooting incident.

With reference to the conviction of defendant on the charge of assault with intent to commit murder of Mr. Benson, we determine that a careful examination of the record discloses no error. As to the conviction of defendant for the murder of Miss Washington, defendant claims error in the trial court's refusal to instruct the jury on involuntary manslaughter and cites the case of *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), in support of his position.

Prior to the decision in the *Ora Jones* case, the law in Michigan was to the effect that involuntary

manslaughter was not a lesser included offense of murder because the crime of involuntary manslaughter includes several elements not included in the crime of murder. *People v Morton,* 16 Mich App 160; 167 NW2d 834 (1969), *reversed on other grounds,* 384 Mich 38; 179 NW2d 379 (1970), *People v Kruper,* 340 Mich 114, 121–122; 64 NW2d 629, ·632–633 (1954), *People v Ryczek,* 224 Mich 106; 194 NW 609 (1923), and *People v Knott,* 59 Mich App 105, 112; 228 NW2d 838, 841 (1975). Our Supreme Court in *People v Ora Jones, supra,* has now ruled that under the theory of "cognate" lesser offenses, an instruction on involuntary manslaughter must be given in a murder case. This ruling having changed the existing law, and not having been declared by our Supreme Court to be retroactive, we deem it to have prospective effect. Inasmuch as the instant case was tried in November, 1974, prior to the *Ora Jones* decision, that decision is not applicable herein.

Affirmed.