PEOPLE v HARRISON

OPINION OF THE COURT

1. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY—RE-
QUESTS FOR INSTRUCTION—RETROACTIVITY.

The Supreme Court decision which held that a trial court must
honor a defendant's request for jury instruction on lesser
included offenses of the crime charged is applicable retroac-
tively.

2. DRUGS AND NARCOTICS—DELIVERY—PROCURING AGENT DEFENSE—
STATUTES.

The procuring agent defense is not available to a defendant
charged with delivery of a controlled substance because under
the Controlled Substances Act, a crime has been committed
regardless of any agency relationship between the defendant
and a narcotics agent or between the defendant and the suppli-
ers if there is an actual, constructive, or attempted delivery.

3. WITNESSES—CRIMINAL LAW—RES GESTAE—MOTIONS—FAILURE TO
CALL—APPEAL AND ERROR.

A claim that the prosecution failed to call a res gestae witness
should not be heard on appeal where there was neither a
motion at trial to indorse the witness, although defendant
knew the witness and the witness's connection to the transac-
tion, nor a motion for new trial on the ground of nonindorse-
ment or nonproduction.

CONCURRENCE BY BASHARA, P. J.

4. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY—RE-
QUESTS FOR INSTRUCTION—DUTY TO INSTRUCT—RETROACTIVITY—
EVIDENCE.

*The recent Supreme Court decision which mandates that a de-*

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 20 Am Jur 2d, Courts § 233 *et seq.*
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 43, 46, 47.
Entrapment to commit offense with respect to narcotics law. 33
ALR2d 883.
[3] 81 Am Jur 2d, Witnesses § 2.

*fendant's request for jury instructions on lesser included offenses must be honored should not be applied retroactively; prior case law consistently had recognized that a trial court had no duty to give a requested jury instruction on a lesser included crime of attempt where the undisputed evidence presented at trial showed a completed offense or where the lesser charge was unsupported by the evidence.*

Appeal from Oakland, Arthur E. Moore, J. Submitted June 9, 1976, at Lansing. (Docket No. 26214.) Decided September 8, 1976. Leave to appeal applied for.

William G. Harrison was convicted of delivery of a controlled substance. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel and *James L. McCarthy,* Assistant Prosecuting Attorney, for the people.

*Howard S. Siegrist,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. T. ANDERSON,* JJ.

M. F. CAVANAGH, J. Defendant was convicted by a jury of delivery of a controlled substance, MCLA 335.341; MSA 18.1070(41), and sentenced to 2 to 20 years imprisonment.

Defendant's conviction must be reversed because the trial judge refused to instruct on the lesser included offenses of attempted delivery and of possession despite defense counsel's request. *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). The key issue is whether *Ora Jones* is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

retroactive. On the basis of *People v Lovett, supra,* we conclude that it is.

In *Lovett* the Supreme Court reversed a conviction because the trial judge failed to instruct on the lesser included offense of attempted armed robbery despite defense counsel's request. The Court reversed on the basis of *Ora Jones* and *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975). *Lovett* did not discuss retroactivity; however, it applies *Ora Jones* retroactively, since Lovett's trial took place before the *Jones* decision. *Lovett* was on appeal to the Supreme Court at the time of *Jones.* The instant case (claim of appeal filed, August 27, 1975) was on appeal to our Court at the time of *Jones.* We conclude that any discrepancy that might exist between *Lovett, supra,* and *People v Thomas,* 68 Mich App 302; 242 NW2d 564 (1976), would not have occurred had the *Thomas* panel been aware of the Supreme Court's application of *Ora Jones, supra,* in *Lovett, supra.*

Defendant's two other claims of error are without merit. Under the Controlled Substances Act of 1971, there is no procuring agent defense. *People v Collins,* 63 Mich App 376; 234 NW2d 531 (1975), *People v Williams,* 54 Mich App 448; 221 NW2d 204 (1974). As regards the alleged res gestae witness, there was neither a motion at trial to endorse the witness, although defendant knew the witness and the witness's connection to the transaction, nor a motion for new trial on the ground of nonendorsement or nonproduction.

Reversed and remanded for a new trial.

D. T. Anderson, J., concurred.

Bashara, P. J. *(concurring).* I am in concurrence, but would comment on the Michigan Supreme Court's retroactive application of *People v*

*Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). In *People v Lovett,* 396 Mich 101, 102; 238 NW2d 44 (1976), the Court stated:

"In *Jones, supra,* we said: 'If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.' 395 Mich 390. Attempted armed robbery is 'necessarily included' within the offense of armed robbery. *People v Bradovich,* 305 Mich 329, 332; 9 NW2d 560 (1943). The jury may have found the defendant guilty of the attempt although the evidence showed a completed offense. MCLA 768.32; MSA 28.1055; *People v Baxter,* 245 Mich 229, 232; 222 NW 149 (1928)."

It is one thing to recognize that a criminal defendant may be found guilty of attempt although the evidence disclosed a completed offense. It is quite another to assume that *Bradovich, Baxter,* and MCLA 768.32; MSA 28.1055, lead to the logical conclusion that upon request, a trial judge must instruct on the included offense of attempt, even though the evidence discloses a completed offense. The fact of the matter is that such a conclusion has not been the law in Michigan for some time.

A historical review reveals that the predecessor to MCLA 768.32; MSA 28.1055,[1] was construed in *People v Allie,* 216 Mich 133, 135–136; 184 NW 423 (1921). The Court concluded that the statute gives a criminal defendant the right to have the jury instructed on any of the included offenses.

In *People v Jones,* 273 Mich 430, 432; 263 NW 417 (1935), the Supreme Court recognized that a trial judge did not have a duty to instruct on included offenses absent a request to charge. However, it was error for the trial judge to affirma-

---

[1] 1915 CL 15616.

tively exclude the jury from considering lesser included offenses. The Court reasoned that MCLA 768.32; MSA 28.1055,[2] authorized the jury to find the defendant guilty of lesser offenses.

The Supreme Court had occasion in *People v Netzel,* 295 Mich 353, 357–360; 294 NW 708 (1940), *cert den* 313 US 592; 61 S Ct 1116; 85 L Ed 1546 (1941), to explain *People v Jones, supra,* as well as to implicitly modify the interpretation of MCLA 768.32; MSA 28.1055, in *People v Allie, supra.* The *Netzel* Court cited *Sparf & Hansen v United States,* 156 US 51, 103; 15 S Ct 273; 39 L Ed 343 (1895), for the proposition that if the evidence cannot support a lesser offense, a trial judge can instruct the jury in a criminal case that the defendant cannot be convicted of a crime lesser than that charged, or the trial judge can refuse to instruct on lesser included offenses. For an excellent detailed discussion of the above, see Judge V. J. BRENNAN's opinion in *People v Membres,* 34 Mich App 224; 191 NW2d 66 (1971), *lv den* 386 Mich 790 (1972).

At least since *Netzel* Michigan has not required trial judges to instruct on requested lesser included offenses unsupported by the evidence. See generally the application of the same rule with respect to felony murder in my concurring opinion of *People v Thompson,* 69 Mich App 465; 245 NW2d 93 (1976). Case law in this state has consistently recognized that there is no duty to give a requested instruction on attempted robbery where the undisputed evidence shows a completed offense, *People v Tyrone Williams,* 38 Mich App 146, 149; 195 NW2d 771 (1972), or where the lesser charge is unsupported by the evidence. *People v Giddens,* 18 Mich App 588, 589; 171 NW2d 596 (1969), *lv den,* 383 Mich 760 (1970).

---

[2] 1929 CL 17325.

In light of the above review of the case law, it is very difficult to follow the Supreme Court's logic in applying *People v Ora Jones, supra,* retroactively. Today's trial judge is faced with an exceedingly difficult task in attempting to keep abreast of the voluminous amount of opinions issued by the appellate courts of this state daily. See *People v Arthur McDaniels, Jr,* 70 Mich App 469; 245 NW2d 793 (1976) (KELLY, J., dissenting). We should not expect our trial judges to be prescient with regard to the state of the law.