PEOPLE v DOMINGUEZ

Opinion of the Court

1. Appeal and Error—Record—Briefs—Reversible Error.

A trial court's judgment should be affirmed on appeal where an examination of the record and briefs discloses no reversible error.

Dissent by M. J. Kelly, J.

2. Criminal Law—Instructions to Jury—Lesser Included Offenses—Evidence in Record—Appeal and Error.

*It is reversible error for a trial judge to deny a defendant's request for a charge to the jury on a lesser included offense where there is evidence in the record which would support a conviction of the lesser included offense.*

3. Homicide—Second-Degree Murder—Manslaughter—Instructions to Jury—Prosecutor's Option—New Trial—Notification to Trial Court.

*A criminal case in which a defendant was convicted of second-degree murder should be remanded to the circuit court for the entry of a judgment of conviction of the lesser included offense of manslaughter and for resentencing where the trial judge in a homicide trial committed reversible error by refusing to give a jury instruction on manslaughter as requested by the defendant; however, if the prosecuting attorney is persuaded that the ends of justice would better be served by retrying the defendant, upon notification to the trial court before resentencing, the trial court should vacate the judgment and conviction and grant a new trial on the charge of second-degree murder.*

Appeal from Saginaw, Fred J. Borchard, J. Sub-

References for Points in Headnotes

[1] 4 Am Jur 2d, Appeal and Error § 493.
[2] 75 Am Jur 2d, Trial § 876.
[3] 40 Am Jur 2d, Homicide §§ 530, 534.

mitted July 6, 1976, at Grand Rapids. (Docket No. 26368.) Decided December 2, 1976. Leave to appeal applied for.

Arthur V. Dominguez was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. Brady Denton,* Prosecuting Attorney and *Patrick M. Meter,* Assistant Prosecuting Attorney, for the people.

*Robert H. Tiderington, 3rd,* for defendant.

Before: R. B. BURNS, P. J., and M. J. KELLY and S. S. HUGHES,* JJ.

PER CURIAM. On August 5, 1975, the defendant was convicted, by jury verdict, of murder in the second degree, contrary to MCLA 750.317; MSA 28.549.

On September 8, 1975, the defendant was sentenced to a prison term of 10 to 20 years.

An examination of the record and briefs discloses no reversible error.

Affirmed.

M. J. KELLY, J. *(dissenting).* I agree with the majority that there was no *credible* evidence here from which the trier of fact could conclude that the killing was the result of a sudden provocation on the part of the victim which would negate malice and thereby reduce the homicide to manslaughter. *People v Townes,* 391 Mich 578; 218 NW2d 136 (1974). The only credible evidence is that the victim was killed by one .32-caliber bullet in the chest fired from the defendant's pistol, that

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the victim had just emerged from a stopped vehicle and that he was unarmed.

The thrust of the defense was that defendant was not guilty by reason of insanity. Although the defendant testified to a lapse of memory about the shooting, the evidence from the ballistics experts and the eye witnesses was overwhelming, and in his final argument defense counsel conceded certain undisputed facts:

"Now, there are some undisputed facts in this case. The gun that fired the thirty-two caliber bullet was Mr. Dominguez's gun. He has not denied that. We are not denying that the victim was shot with any other gun *[sic]*. That the thirty-two bullet was removed from Mr. Jordan, we are not denying that. We are not denying the fact that it was Arthur's pickup truck that pulled up behind this white Corvette. But we are admitting that it was his gun and admitting that he was killed with the thirty-two caliber bullet and admitting that it was his truck. Those facts alone, those undisputed facts are not conclusive of guilty beyond a reasonable doubt."

The instruction requested on manslaughter was not perceived at trial to be based upon provocation by the victim as is argued on appeal; the instruction requested at trial was tied to the insanity defense. Again in final argument defense counsel stated:

"And, as I said before, if there is anything he should try to remember is what happened at the intersection, because the fact that he doesn't remember precludes certain defenses that he may have to this incident. Self-defense, since he can't remember, self-defense, being a state of his mind—if you find that he did the shooting beyond a reasonable doubt, the defense of self-defense is not available to him because he doesn't remember."

Without adding further analysis to the question

of retroactive application of *People v Ora Jones,*
395 Mich 379; 236 NW2d 461 (1975),[1] we can
decide this case on the basis of the authority
offered to the trial judge, namely, *People v Bowen,*
165 Mich 231; 130 NW 706 (1911).

*Bowen* is not four-square on the issue presented
here, but it certainly did support defense counsel's
argument that:

"I feel there are sufficient facts before this jury that
the jury could conclude in its deliberations that the
defendant is guilty of manslaughter. And I would cite,
although I do not know the name of the case without
looking it up, 165 Mich 231 or 232, I believe, that would
support the theory that where insanity is a defense that
has been raised by the defendant, that the better prac-
tice, at least suggested by the Supreme Court of Michi-
gan in that case, would be to give the instruction on
manslaughter as requested."

With *Bowen* as authority for the proposition that a
conviction for manslaughter would have been sup-
ported by the facts in this case, I would hold the
trial court's failure to so instruct reversible error.[2]

I would remand to the Saginaw County Circuit

---

[1] It seems that *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976),
held *Ora Jones* to be retroactive. We had held otherwise. *People v
Thomas,* 68 Mich App 302; 242 NW2d 564 (1976). I would endorse the
concurring opinion of Judge BASHARA in *People v Harrison,* 71 Mich
App 226; 247 NW2d 360 (1976), on whether or not *Ora Jones* should
be applied retroactively.

[2] In *People v Fountain,* 392 Mich 395,. 401–402; 221 NW2d 375,
378 (1974), the Supreme Court stated:

"In this case the instructions on manslaughter and assault with
intent to do great bodily harm less than murder were requested
before the judge instructed the jury. The law is well established that
where a request to charge has been made, the duty of the trial court
is determined by the evidence. If the record contains evidence which
would support a conviction of a lesser included offense, it is reversible
error to deny the request to charge on such included offense. *People v
Jones,* 273 Mich 430; 263 NW 417 (1935)."

The Supreme Court found that the evidence would have supported a
verdict on either of these offenses and affirmed the Court of Appeals'
reversal of defendants' second-degree murder convictions.

Court for entry of a judgment of conviction of the lesser included offense of manslaughter and for resentencing. If the prosecuting attorney is persuaded that the ends of justice would better be served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment and conviction and grant a new trial on the charge that the defendant committed the crime of second-degree murder. *People v Dancer,* 396 Mich 802; 238 NW2d 29 (1976).