PEOPLE v HAGER

1. Criminal Law—Jury—Discharge of Jury—New Trial—Double Jeopardy.

Double jeopardy does not result where a jury is discharged and a new trial held because the jury could not agree on a verdict.

2. Rape—Defenses—Consent—Lesser Included Offenses—Instructions to Jury.

Consent precludes a conviction for rape but not for assault with intent to commit rape or assault and battery because the consent may be obtained after the initial assault; therefore, a trial court properly instructed a jury on lesser included offenses in a prosecution for carnal knowledge where the defendant's theory was consent because the jury was free to accept the defendant's theory in part or *in toto*.

3. Appeal and Error—Criminal Law—Verdicts—Two Counts—Single Trial—Inconsistent Verdicts.

Verdicts on two counts in an information which are tried together in a single trial will not be held inconsistent on appeal if the verdicts can be explained on any rational basis.

4. Criminal Law—Rape—Lesser Included Offenses—Instructions to Jury—Form of Verdict.

A defendant's conviction of assault and battery must be vacated where the defendant was charged in two counts with kidnapping and carnal knowledge and where the trial judge instructed the jury on the lesser included offenses of rape and the jury found the defendant guilty of assault with intent to rape and of assault and battery; the jury apparently intended to return both the lesser offenses on the count of carnal knowledge.

Appeal from Wayne, Joseph A. Sullivan, J. Sub-

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 204.
[2] 65 Am Jur 2d, Rape §§ 38, 108, 112.
[3] 21 Am Jur 2d, Criminal Law § 546.
[4] 65 Am Jur 2d, Rape §§ 20–22.

mitted November 5, 1976, at Detroit. (Docket No. 24295.) Decided December 9, 1976. Leave to appeal applied for.

James F. Hager was convicted of assault and battery and assault with intent to rape. Defendant appeals. Affirmed in part and vacated in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people.

*Michael Finn (Alvin C. Sallen,* of counsel), for defendant on appeal.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Defendant was charged with kidnapping, MCLA 750.349; MSA 28.581, and carnal knowledge, MCLA 750.520; MSA 28.788. Defendant's first trial terminated as a result of a hung jury. Subsequently, on February 11, 1975, defendant was retried and convicted by a jury of assault and battery, MCLA 750.81; MSA 28.276, and assault with intent to rape, MCLA 750.85; MSA 28.280. On March 11, 1975, defendant was sentenced to a term in prison of 90 days on the former charge and from 5 to 10 years on the latter charge.

Defendant first contends that retrial, following declaration of a mistrial by the trial judge as a result of the inability of the jury to reach a decision, is barred by the Double Jeopardy Clause of the Constitution, US Const, Am V. Michigan courts have long held that where a jury cannot

agree on a verdict, the discharging of the jury and the holding of a new trial does not result in double jeopardy. *People v Gardner,* 37 Mich App 520, 527–528; 195 NW2d 62 (1972), quoted approvingly in *People v Alvin Johnson,* 396 Mich 424, 431, fn 5; 240 NW2d 729 (1976). A review of the transcript reveals that the defendant's contention is without merit as the trial judge was fully apprised by the jury that no reasonable probability of jury agreement existed.

Defendant next contends that where the evidence relates only to the greater offense an instruction on any lesser included offenses cannot be given. Defendant's theory of the case was consent. Consent precludes a conviction for rape but not assault with intent to commit rape nor assault and battery since the consent may be obtained after the initial assault. *People v Alcala,* 63 Mich App 120; 234 NW2d 172 (1975), *rev'd on other grounds* 396 Mich 99; 237 NW2d 475 (1976). Thus, the trial court's instruction concerning lesser included offenses of rape was proper as the jury was free to accept defendant's theory in part or *in toto.* We find no error. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971), *People v Chamblis,* 395 Mich 408, 417; 236 NW2d 473 (1975).

Defendant's final claim of error relates to the verdict. The information contained two counts, Count I, kidnapping and Count II, carnal knowledge. The trial judge charged the jury that on Count I the verdicts that could be considered were guilty or not guilty. On Count II the court instructed the jury that verdicts on rape, assault with intent to rape, and assault and battery could be returned. The jury returned a verdict of:

"On the two lesser charges of assault and battery we

find the defendant guilty and assault with intent to rape guilty."

The verdict was accepted by the court as guilty of assault and battery under Count I and guilty of assault with intent to rape under Count II. The judge accepting the verdict was not the original trial judge and was unfamiliar with the case and the jury's instructed alternatives concerning their possible verdicts.

On appeal, defendant submits that the verdict is unsound as a matter of law and the appropriate remedy to rectify this error is reversal of the entire verdict. After giving careful consideration to this argument, we do not agree.

Michigan courts have adopted the rule that when two counts in an information are tried together in a single trial, verdicts thereon will not be held inconsistent on appeal if they can be explained on any rational basis. *People v Fields,* 66 Mich App 347; 239 NW2d 372 (1976), *lv den,* 396 Mich 847 (1976). One alternative for our decision obviously flows from use of this principle. That is, instead of concluding solely from the charge that the assault and battery verdict was intended for Count II, like both parties herein argue, we might consider the utilization of the rule that the jury has unfettered discretion in rendering a verdict on lesser offenses, even if uncharged, if there is evidence to sustain their determination.[1] *People v Jones,* 273 Mich 430; 263

---

[1] The continuing validity of this is now uncertain as a result of the following language from *People v Henry,* 395 Mich 367, 373; 236 NW2d 489 (1975):

"As the only member of the unanimous *Lemmons* Court still on this bench, the writer acknowledges the poetic justice which ordains that he write for this Court a repudiation of the doctrine, first articulated in *People v Jones, supra,* but endorsed and followed in *Lemmons,* that 'affirmative exclusion' is erroneous but 'implied exclu-

NW 417 (1935), *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970). We conclude, however, that the instant case does not lend itself to the employment of this rule.

There are several reasons for this. One is the peculiar facts of this case. As noted previously, the returned lesser offenses were both included in the trial judge's charge under Count II, rape. The foregoing, we think, in conjunction with the form by which the jury returned the verdict, clearly necessitates a conclusion that the jury intended to return the lesser offenses on Count II.[2] However, the basic problem arose because the judge who accepted the verdict, as hereinbefore noted, was unacquainted with how the jury was originally charged. It would be exceedingly incongruous to employ a rule of law which is supposed to maximize juror discretion to correct what is obviously an incorrectly accepted charge, thereby, in effect, negating the true exercise of jury discretion.

In the second place, we are obligated not to follow this rule because we are unable to discern evidence sufficient to establish two distinct criminal acts. We are convinced, upon reading the record, that the entire criminal act is inextricably woven together, so that for this Court to scrutinize

sion' is not. We are now persuaded that such a distinction serves no good purpose. If a jury is not instructed on lesser included offenses, *such offenses are for all practical purposes excluded from the jury's consideration.*"(Emphasis supplied.)

Whether the language "for all practical purposes" envisages a total removal from the jury's consideration of all uncharged lesser offenses, we do not know; nor does our disposition herein require us to so speculate. However, we would only like to add our feelings that we hope so. While the principle of unlimited jury discretion is laudatory in the abstract, its application in this area overly invades the province of the judge to instruct the jury on what the law is; thus wreaking havoc on the theory expressed in untold cases concerning lesser included offenses which have so troubled the courts of this state. *See,* for example, *People v Chamblis, supra.*

[2] We again emphasize, with this, both parties agree.

the facts and then theorize on the intricate possibilities upon which the jury could have reached this obviously unintended result would be foolish.

Unquestionably, then, we are drawn to the conclusion that a very different rule should be used in the instant case. Thus, since no evidence of an assault and battery based on an act different from that for which defendant was convicted of assault with intent to rape existed, we choose to follow the rule found in *People v Bennett,* 71 Mich App 246; 247 NW2d 368 (1976), and *People v Guidry,* 67 Mich App 653; 242 NW2d 461 (1976). Accordingly, the conviction on Count I of assault and battery is vacated. The conviction on Count II of assault with intent to rape is affirmed.