PEOPLE v BRYANT

1. Criminal Law—Lesser Included Offenses—Inconsistent Defenses—Alibi Defense—Instructions to Jury.

   A defendant in a criminal case may advance inconsistent claims and defenses; the assertion of an alibi defense does not deprive a defendant of his right to jury instructions on appropriate lesser included offenses.

2. Assault and Battery—Definition.

   An assault and battery is a consummated assault.

3. Criminal Law—Lesser Included Offenses—Unarmed Robbery—Assault and Battery.

   A necessarily included lesser offense is one such that it is impossible to commit the greater without first having committed the lesser; since it is possible to commit an unarmed robbery by putting the victim in fear by means other than an assault and battery, assault and battery is not a necessarily included lesser offense of unarmed robbery.

4. Criminal Law—Lesser Included Offenses—Cognate Offenses.

   An offense is a cognate lesser included offense where it shares overlapping elements with the greater offense and the overlapping elements relate to a common statutory purpose; whether a lesser offense is a cognate included offense depends upon whether the facts in a given case will support a conviction on the lesser offense.

5. Robbery—Unarmed Robbery—Assault and Battery—Overlapping Elements—Lesser Included Offenses.

   An unarmed robbery accomplished through such force and vio-

References for Points in Headnotes

[1, 3–5, 7, 8] 21 Am Jur 2d, Criminal Law §§ 142, 185, 494.

[2] 6 Am Jur 2d, Assault and Battery §§ 2–7.

[3, 5] 6 Am Jur 2d, Assault and Battery § 57.

[5] 67 Am Jur 2d, Robbery §§ 7, 72, 73.

[6] 16 Am Jur 2d, Constitutional Law §§ 48, 398.

   73 Am Jur 2d, Statutes §§ 347–355.

lence as to include assault and battery shares all the elements of assault and battery; under these circumstances the crimes have overlapping elements and the statutes proscribing them have the shared purpose of protecting persons, and the assault and battery is a lesser included offense of the unarmed robbery.

6. CRIMINAL LAW—NEW RULES OF LAW—RETROACTIVE APPLICATION—PROSPECTIVE APPLICATION.

As a general principle full retroactivity is the rule, and prospectivity is the exception; however, retroactivity may be limited where a balancing of three factors so dictates: (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect on the administration of justice.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—RETROACTIVITY.

Retroactive application of new rules of law should be limited at the point where the interest in the finality of the criminal process outweighs the value of granting full retroactivity.

8. APPEAL AND ERROR—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—EXCLUSION FROM JURY—REMAND.

A trial court's affirmative exclusion from jury consideration of a lesser included offense of the crime charged was error where defense counsel had requested instructions on the lesser offense and where the jury had asked whether defendant could be found guilty of the lesser offense and the trial court affirmatively excluded this lesser charge from jury consideration.

Appeal from St. Clair, Ernest F. Oppliger, J. Submitted October 18, 1977, at Detroit. (Docket No. 28880.) Decided January 4, 1978. Leave to appeal applied for.

Alan C. Bryant was convicted of unarmed robbery. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. Burns, P. J., and R. B. Burns and W. R. Brown,* JJ.

R. B. Burns, J. Defendant was convicted by jury of unarmed robbery, MCLA 750.530; MSA 28.798, and appeals. Although his codefendant, Elmer Suratt, was also charged with unarmed robbery, he was convicted of the lesser offense of assault and battery, MCLA 750.81; MSA 28.276, and has not appealed.

Ten witnesses testified that defendant and three others repeatedly visited their campsite. The last visit precipitated a fight between Suratt and one of the campers, which escalated into an assault on the campers by the visitors. After the visitors subdued the campers, they rummaged through the campsite, and carried away a cooler, a chain saw, and tent poles. As the visitors left, defendant kicked one of the campers in the face.

Defendant testified that he was at a party at the time of the assault, and presented three corroborating witnesses. Suratt admitted being involved in the incident, but claimed to have fought and taken the tent poles in self-defense.

Both defendant and Suratt requested jury instructions on the lesser offense of assault and battery. Although the trial court granted Suratt's request, it ruled that defendant had waived instructions on any lesser included offenses by interposing the defense of alibi. Defendant objected to the court's failure to give the requested instruction. After four hours of deliberation, the jury returned to the courtroom to ask the trial court if defendant could "be charged with just assault and battery". The trial court answered in the negative.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

When the jury was polled after returning the verdict, the following transpired:

"THE CLERK: [W]as that your verdict, Mrs. Hull?
"JUROR HULL: Yes, I believe he was there.
"THE CLERK: Was that your verdicts, Mr. Bankson?
"JUROR BANKSON: He was there.

     * * *

"MR. FOSTER: If the Court please, I do not believe the first two persons answered the question correctly, their answer to my understanding was that Mr. Byrant was there.

     * * *

"THE COURT: Mrs. Hull, the question was, was that your verdict, the verdict in the case of Alan Bryant?
"JUROR HULL: We had to accept the way it was written and that was our verdict.
"THE COURT: And Mr. Bankson.

     * * *

"JUROR BANKSON: Right, that's the way it was written."

Defendant argues on appeal that assault and battery was a cognate lesser included offense upon which the trial court was required to instruct. *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461, 465 (1975). Plaintiff argues that assault and battery is not a cognate lesser included offense; that even if it is, *Ora Jones* is not retroactive and does not apply in this case.

We note initially that the trial court's ruling cannot be sustained on the rationale advanced by it. Although there is merit to the argument that it is inconsistent for a defendant to both assert that he was not at the scene of the crime and that, if he was, the crime he committed was a lesser offense than that charged, a defendant "may advance inconsistent claims and defenses". *People v*

*John Willie Williams,* 26 Mich App 218, 222; 182 NW2d 347, 349 (1970).

"A defense of alibi, *per se,* does not mean that a defendant may not be convicted of a lesser offense. A jury may disbelieve a defendant's alibi but nevertheless find that a disputed element of the principal charge was not proven." *People v Membres,* 34 Mich App 224, 232 fn 7; 191 NW2d 66, 69 fn 7 (1971).

We are not unmindful that *People v Clemons,* 74 Mich App 448, 452–454; 253 NW2d 795, 796–797 (1977), dealt with a situation similar to that in the instant case. In *Clemons* this Court distinguished *Ora Jones* on the basis that it was unclear that *Ora Jones* was to be applied retroactively, that *Ora Jones* did not involve an alibi situation, and that the trial court "properly applied the law as it was then understood". The Court did not discuss why an alibi defense should waive a defendant's right to instruction on lesser included offenses, nor did it review the analyses in *Williams* or *Membres.* We agree with the concurring opinion in *Clemons* "that the alibi makes not a whit of difference", 74 Mich App at 459; 253 NW2d at 800 (D. C. Riley, J., concurring), and hold that assertion of an alibi defense does not deprive a defendant of his right to instruction on appropriate lesser included offenses.

Was assault and battery a lesser included offense of unarmed robbery in the instant case? MCLA 750.530; MSA 28.798 states that

"[a]ny person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of [unarmed robbery]."

Assault has been defined as

"any intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Tinkler v Richter,* 295 Mich 396, 401; 295 NW 201, 203 (1940).

Battery is

"the wilful touching of the person of another by the aggressor or by some substance put in motion by him; or, as it is sometimes expressed, a battery is the consummation of the assault." *Id.*

An assault and battery is therefore a consummated assault. A necessarily included lesser offense is one such that it is impossible to commit the greater without first having committed the lesser. *People v Ora Jones, supra,* at 387; 236 NW2d at 464. Since it is possible to commit an unarmed robbery by some method of "putting in fear" other than through an assault and battery, assault and battery is not a necessarily included lesser offense of unarmed robbery. An offense is a cognate lesser included offense where it shares overlapping elements with the greater, and the overlapping elements relate to a common statutory purpose. Whether a lesser offense is a cognate included offense depends upon whether the facts in a given case will support a conviction on the lesser offense. *People v Ora Jones, supra,* at 389–390; 236 NW2d at 464–465. In the instant case there was evidence that defendant's group beat the campers into submission and then carried off their equipment. Since the "force and violence" through which the unarmed robbery was accomplished was

an assault and battery, the unarmed robbery in this case shares all the elements of assault and battery. Although the unarmed robbery statute has the dual purpose of protecting persons and their property, the overlapping elements have the shared purpose of protecting persons. Therefore, assault and battery was a lesser included offense of unarmed robbery in the instant case.

*Ora Jones* requires that instructions on cognate lesser included offenses be given where requested by the defendant. The defendant in this case was found guilty prior to the release of the opinion in *Ora Jones.* Does *Ora Jones* apply retroactively? The Supreme Court has not explicitly addressed this issue. It has, however, consistently applied *Ora Jones* retroactively, albeit without discussing the retroactivity issue. See *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), *People v Thomas,* 399 Mich 826; 249 NW2d 867 (1977). See also *People v Bills,* 396 Mich 819; 238 NW2d 803 (1976), *People v Dates,* 396 Mich 820; 238 NW2d 360 (1976), *People v Archie Smith,* 396 Mich 825; 238 NW2d 536 (1976), *People v Aaron,* 396 Mich 843; 239 NW2d 602 (1976), *People v Watson,* 396 Mich 870 (1976), *People v Delvin Jones,* 397 Mich 871 (1976). The Court of Appeals has split on the issue, with some panels deciding that the acts, if not the words, of the Supreme Court should be followed, while other panels have determined that substantial reliance on the old rule requires *Ora Jones* be given only prospective application.[1] Since

---

[1] *People v Page,* 73 Mich App 667; 252 NW2d 239 (1977), *People v Van Wyck,* 72 Mich App 101; 249 NW2d 311 (1976), and *People v Harrison,* 71 Mich App 226; 247 NW2d 360 (1976), held *Ora Jones* retroactive on the basis of *Lovett* in cases involving necessarily included offenses without distinguishing cognate offenses. *People v Charles Jackson,* 71 Mich App 395; 249 NW2d 132 (1976), held *Ora Jones* retroactive as to both necessarily included and cognate offenses, without distinguishing the two, based on *Lovett. People v Jones,* 76

the Supreme Court has not explicitly decided this issue, and there is no consensus on the issue in this Court, we proceed to determine whether *Ora Jones* should be applied retroactively as to an instruction on a cognate lesser included offense.

As a general principle full retroactivity is the rule, and prospectivity is the exception. *People v Markham*, 397 Mich 530, 548; 245 NW2d 41, 49 (1976) (LEVIN, J., dissenting). However, retroactivity may be limited where a balancing of three factors so dictates. The three factors are (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect on the administration of justice of the new rule. *People v Markham, supra,* at 535; 245 NW2d at 42, *People v Hampton,* 384 Mich 669, 674; 187 NW2d 404, 405 (1971).

*Hampton* is instructive as to the importance of the first factor. In holding retroactive a new rule that a trial court must, on request, instruct that a defendant found not guilty by reason of insanity would not be released, the Supreme Court said:

"It is clear that the primary purpose of this instruction is to insure that a defendant will not be found guilty because the jury fears that he will be set free if an insanity verdict is returned. Thus, this decision goes to the very heart of our jury trial system. The United States Supreme Court has applied decisions retroac-

Mich App 601, 605; 257 NW2d 185, 187 (1977), held *Ora Jones* retroactive as to a cognate offense, relying on *People v Thomas,* 399 Mich 826; 249 NW2d 867 (1977). *People v Jones,* 71 Mich App 270; 246 NW2d 381 (1976), and *People v Jackson,* 70 Mich App 478; 245 NW2d 797 (1976), held *Ora Jones* retroactive as to necessarily included offense, but questioned whether it was retroactive regarding cognate offenses. *People v Thomas,* 68 Mich App 302; 242 NW2d 564 (1976), *rev'd* 399 Mich 826 (1977), held *Ora Jones* prospective, and *People v Wilkinson,* 76 Mich App 109; 256 NW2d 48 (1977), and *People v Clemons,* 74 Mich App 448; 253 NW2d 795 (1977), refused to accord *Ora Jones* retroactive effect.

tively where the guilt or innocence of the defendant was at stake." 384 Mich at 676; 187 NW2d at 406.

The rule in *Ora Jones* maximizes a jury's discretion with regard to what verdict to render, institutionalizes the jury role as the conscience of the community, and prevents jury conviction on a higher offense merely because the jury recognizes a defendant committed *some* offense. The rule goes to the "very heart of our jury trial system". See *People v Hampton, supra.* However, we do not feel that the rule announced in *Ora Jones* is as fundamentally important as that made retroactive in *Hampton.* In any given case it is speculative that a jury would have convicted on a lesser charge, and the former rule, denying instruction only when there was no evidence to support a finding of a lesser offense, renders a finding of prejudice in any given case even more speculative.

The second and third factors may be considered together. *People v Markham, supra.* There was substantial reliance upon the old rule. See *People v Wilkinson,* 76 Mich App 109; 256 NW2d 48 (1977), *People v Clemons,* 74 Mich App 448; 253 NW2d 795 (1977), *People v Harrison,* 71 Mich App 226, 229–231; 247 NW2d 360, 361 (1976) (BASHARA, P. J., concurring). Because of that reliance, the impact on the administration of justice has been substantial. However, this impact has been lessened to an extent by the practice of remanding for resentencing on the lesser included offense, with the prosecutor maintaining the option to retry on the greater offense. See, *e.g., People v Thomas,* 399 Mich 826; 249 NW2d 867 (1977), *People v Jenkins,*[2]

---

[2] The Court observed that, the jury having found guilt of first-degree murder, it must necessarily have found the lesser offense of second-degree murder. We note also that the presumed effect of failure to instruct on the lesser charge is that a defendant was not

395 Mich 440, 442–443; 236 NW2d 503, 504 (1975).

We feel the proper equilibrium in balancing the above factors is that reached by Judge BRENNAN in his dissent in *People v Thurmond,* 75 Mich App 310, 317–319; 254 NW2d 879, 882 (1977), limiting retroactivity to those cases in the process of appeal December 18, 1975, the date of the *Ora Jones* opinion. At some point the interest in the finality of the criminal process outweighs the value of granting full retroactivity. The point chosen has the advantage of insuring that Court of Appeals cases will receive the same disposition that Supreme Court cases have in the past.

Another factor militates against affirmance. When the jury asked whether defendant could be found guilty of assault and battery, the trial court affirmatively excluded as an option jury consideration of the lesser charge. This had long been considered as error. *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970), *People v Jones,* 273 Mich 430; 263 NW 417 (1935). Although *People v Henry,* 395 Mich 367, 370–374; 236 NW2d 489, 492–493 (1975), ambiguously[3] states "a repudiation of the doctrine, first articulated in *People v Jones, supra,*

found guilty on the lesser charge, not that the instruction might have resulted in acquittal. Thus, the limited remand would be appropriate where the lesser offense is cognate rather than necessarily included.

[3] Did the Court repudiate the notion that "affirmative exclusion" is erroneous or that "implied exclusion" is not erroneous? The Court goes on to discuss the duty of the trial court to instruct on relevant law and indicates that it is considering formulation of a court rule requiring instruction on lesser offenses absent request by counsel. It thus appears to indicate dissatisfaction with the "implied exclusion" rule. Other language in the opinion implies the Court was overruling *Lemmon* and *Jones,* yet such an overruling would appear to be unnecessary to the decision and dicta, at least as it applies to the situation in the instant case where a jury affirmatively asks if it may convict on a lesser offense and the trial court answers "no". *People v Hager,* 72 Mich App 664, 667–668 fn 1; 250 NW2d 754, 755 fn 1 (1976), would interpret the Court's language as totally removing from the jury's consideration all uncharged lesser offenses.

but endorsed and followed in *Lemmons*, that 'affirmative exclusion' is erroneous but 'implied exclusion' is not'", the holding is narrow.

"[W]ith the sole exception of first-degree murder cases, failure of the trial court to instruct on lesser included offenses will not be regarded as reversible error, absent requests for such instructions before the jury retires to consider its verdict." 395 Mich at 374; 236 NW2d at 492.

In light of the Court's decision to maximize jury discretion as to what verdict to return, *Ora Jones, supra*, we do not feel that the Court intended to repudiate *Lemmons* and *Jones* where counsel requested the instruction, and the exclusion was as patently affirmative as it was in this case.

We reverse the conviction of unarmed robbery and remand for entry of a judgment of conviction on the lesser included offense of assault and battery and for resentencing. If, however, the prosecutor is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing, the trial court shall vacate the judgment of conviction and grant a new trial on the charge of unarmed robbery.