755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANNY LEE BILLS, PETITIONER-APPELLANT,
v.
DALE FOLTZ, RESPONDENT-APPELLEE.
 NO. 83-1137
 United States Court of Appeals, Sixth Circuit.
 1/29/85
 ORDER
 
 1
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and HILLMAN, District Judge.*
 
 
 2
 Bills, a Michigan prisoner, appeals from the district court's judgment dismissing his petition for a writ of habeas corpus. This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, including the state court transcripts, and the briefs, this panel agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In 1972 Bills was convicted of felony murder in violation of M.C.L.A. Sec. 750.316. The Michigan Supreme Court, in People v. Bills, 396 Mich. 819, 238 N.W.2d 803 (1976), vacated the conviction of felony murder and remanded the case for the entry of judgment and re-sentencing for the lesser included offense of second degree murder because the jury had not been instructed on the lesser included offense. On remand the trial court sentenced Bills to 40-60 years imprisonment. Bills appealed from the resentencing. After the appellate briefs were filed, Bills requested permission to file a supplemental brief. In the supplemental brief he argued that the jury instruction allowing a presumption of malice erroneously removed from the jury's consideration an element of the crime of murder, and shifted to the defendant the burden of overcoming the presumption. The Michigan Court of Appeals allowed the supplemental brief to be filed, but it held that the scope of the appeal of right following a remand for sentencing was limited to the scope of the remand. Therefore, it did not address the issue raised in the supplemental brief. The Michigan Supreme Court denied leave to appeal.
 
 
 4
 In his habeas petition, Bills raises the same issue regarding the jury instruction that he presented to the Michigan appellate courts. The district court found that Bills had failed to object to the jury instruction at trial and was barred from raising the issue in a habeas proceeding absent a showing of cause and prejudice. Finding that Bills showed neither cause nor prejudice, the district court denied his request for habeas relief under Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 5
 Upon consideration this Court concludes that the district court correctly denied habeas relief. Initially it is noted that exhaustion requirements have been satisfied because the highest court in the state of Michigan had a full and fair opportunity to pass on the merits of the claim. Anderson v. Harless, 459 U.S. 4 (1982); Wiley v. Sowders, 647 F.2d 642, 646 (6th Cir.), cert. denied, 454 U.S. 1091 (1981). It is possible, however, that Bills' failure to raise this issue in a timely manner precludes him from raising it here under Wainwright.
 
 
 6
 This Court concludes that Michigan courts refused to review Bills' claim because of a procedural default and he is therefore barred from raising the claim in a federal habeas corpus action absent a showing of cause and prejudice. Wainwright v. Sykes, 433 U.S. 72; Engle v. Isaac, 456 U.S. 107 (1982); United States v. Frady, 456 U.S. 152 (1982). We agree with the district court's conclusion that Bills failed to show cause and prejudice.
 
 
 7
 It is therefore ORDERED that the judgment of the district court is affirmed for the reasons stated by Judge James P. Churchill in the memorandum opinion dated January 18, 1983.
 
 
 
 *
 The Honorable Douglas W. Hillman, U.S. District Judge for the Western District of Michigan, sitting by designation